JACOB HERTER ET AL., APPELLEES, V. LOUISE HERTER ET AL., APPELLANTS.

FILED DECEMBER 4, 1914. No. 17,847.

1. **Courts: COUNTY COURTS: JUDGMENT: PRESUMPTION.** "In probate proceedings the county court is a court of record and of exclusive original jurisdiction, and in such actions its judgments and the recitals therein are entitled to the presumptions that attach to the records of other courts of that character." *Kolterman v. Chilvers*, 82 Neb. 216.

2. **Wills: CONSTRUCTION.** The object and purpose of a court in construing a will is to carry out and enforce the intention of the testator, as shown by the language of the will, and considering the circumstances under which it was made.

3. **———: ———.** The use of the word "comp," occurring in the later clause of the will, is *held* to mean "company" and to include all the heirs of the testator.

4. **———: ———: DISINHERITANCE.** Heirs will not be disinherited by conjecture, but only by express words or necessary implication and the actual disposition of the estate to another person.

5. **———: ———: PRESUMPTION.** In the absence of anything in a will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed with directions.*

*John M. Stewart, Guardian ad litem,* for appellants.

*Lincoln Frost* and *Morning & Ledwith, contra.*

REESE, C. J.

This is an action for the construction of the last will and testament of Abraham Herter, late of Lancaster county, deceased. The suit is brought by the alleged devisees under the will against the grandchildren of decedent and their mother, the one time daughter-in-law of the testator. The will is quite informal, but it has been admitted to probate by the county court of Lancaster county, due notice of which proceeding was given, and from the decree of probate no appeal was taken. Those proceedings must be treated as final and conclusive, and cannot be attacked in this collateral way. *Kolterman v. Chilvers,* 82 Neb. 216; *Byron Reed Co. v. Klabunde,* 76 Neb. 801; *Brown v. Webster,* 87 Neb. 788; *Loosemore v. Smith,* 12 Neb. 343. We must therefore examine the will, as a legally established instrument, and endeavor to ascertain its meaning.

The family of the testator originally consisted of his widow, Katherine Herter, two sons, Jacob Herter and Frederick C. Herter, and a daughter, Catherine Herter, now Catherine Faulhaber. Prior to the making of the will Frederick C. Herter died, leaving a widow, Louise, and two children, Louise and William J. Herter, surviving. Within about one year after the death of Frederick C. Herter his widow intermarried with her deceased husband's cousin, Henry C. Herter. Testator and wife resided upon a farm consisting of 160 acres of contiguous land, described as the southwest quarter of the northeast quarter, the southeast quarter of the northwest quarter, the northeast quarter of the southwest quarter, and the northwest quarter of the southeast quarter, of section 10, township 9, range 8, which is referred to as his homestead; he and his family having resided upon it for many years. He had also accumulated a considerable quantity of other

land in Lancaster county, as well as a farm of 160 acres in Hitchcock county. Probably for the purpose of securing and retaining a safe living for himself and wife in their advanced age, and possibly for the purpose of trying out and testing the capacity of his three children, all of whom were married, he leased to each one a quantity of land for the rental of one dollar an acre annually, the homestead of 160 acres being leased to Frederick, who was his youngest living child, other children having died in infancy and without issue. Frederick and wife became members of the family, living with his parents until about one year before his decease, when he built a new house upon the premises, and which he and his family occupied. After the marriage of Louise, his widow, to Henry C. Herter, they continued to reside upon the premises for a time, but, owing to some disagreement, Henry and his family, consisting of his wife and the two minor children, above named, removed from the farm and resided elsewhere. Some time before the making of testator's will, but after the death of Frederick and the marriage of Frederick's widow to Henry C. Herter, testator conveyed the leased land to Jacob and Catherine, and on the 29th day of May, 1905, he and his wife executed a trust deed to Jacob W. Herter, conveying to him the said homestead of 160 acres in trust for Louise and William J.; the grantors reserving the use and possession of the premises during their lives. This deed was executed and delivered to the trustee at or about the same time; other lands of approximately the same value were conveyed to the two surviving children, Jacob Herter and Catherine Faulhaber. Jacob put his deed upon record, but has withheld the trust deed therefrom until during the trial, notwithstanding he testified that his instructions from his father were to record all at the same time. We do not question his motives, but assume his failure to be a mistake of duty, as he was required to record that deed with his own.

The will is in two parts, the first dated June 9, 1905, signed by the testator, but not witnessed. The second is dated November 1, 1905, signed, and witnessed by two wit-

nesses. They were both admitted to probate as constituting the last will and testament of the testator. It was evidently prepared by the testator, and is given here in full:

"Bennet Neb. June 9, 1905.

"This is my last will.

"When I am passed away, I want that you take the Drexler Bros., to furnish coffin and coach and furnish all the stuff what you need at such an occation. I want to be buried at the side of our beloved Fritz and Eddy and Katies and Philips Baby girl if possible. If the Church doesn't allow it, then you burry me at home some place in the garden. After this you go and divide all the moneys and notes, amongst you, Katherine, Jakob and mother and all other things what mother don't want. Jakob will be a trusty administrator for the two grandchildren Louise and Willy. This estate will make a good deal trouble, to make things go the right way. That Henry & Louise can not get a hand in your fees what the law allows you must get from the rent the farms brings in. For a tomstone I want you to buy a Granit, about the shape of the stone that is on Eddys grave. Get it if possible made by a German, for I want the inskription made in German. I do not care what people will say. A fifty dollars tomstone is all you must get for me, the engravings may be like this

"Hier ruhet in Gott

"Abraham Herter geb Aug 20, 1831.

"gest Dan und dan

"Ruhe im Frieden samft und wohl

"The eighty acre farm in section twelf (Grand Pr.) you get it in comp, and make the best of it.

"The rent you will pay to Mother as long as she lives, or as long as she wants it. The farm in Hitchcock County you get it in comp also and make the best of it.

"My wish is also, do not give morgage on your farms.

"Abraham Herter.

"November 1, 1905.

"If it should happen, that one of them two children would die, before it were on age, the eastate would in this

case to go to the other. And in the case that both should
die then the eastate shall go back to J. W. Herter and
Katie Herter Faulhaber. Not to their mother Mrs. Louise,
wife of Henry Herter, and that J. W. Herter the adminis-
trator shall have the power to tend to this affair, according
he thinks it best, and that nobody shall have the right to
interfer with him in this case & it is my wish & will that
he need not give bonds.

"Abraham Herter.

"Witness,

  "Henry Fetzer.

  "I. George Oberle."

It will be observed that the will is written in the second
person. In the first paragraph the direction is to "devide
all the moneys and notes, amongst you, Katherine, Jakob
and mother and all the other things what mother don't
want. Jakob will be a trusty administrator for the two
Grandchildren Louise and Willy. This estate will make
a good deal trouble, to make things go the right way. That
Henry & Louise cannot get a hand in your fees what the
law allows you must get from the rent the farm brings in,"
etc. It is also to be noticed that in the last paragraph
it is provided if one of the two children should die the
estate would go to the other, if both die "then the eastate
shall go back to J. W. Herter and Katie Herter Faulhaber.
Not to their mother Mrs. Louise, wife of Henry Herter."
These provisions show, in the light of the evidence adduced
upon the trial, that the personal property is to be divided
between the two living children, Jacob and Catherine, and
their mother, and that the "you" is mainly directed to
Jacob, whom he designates as the administrator of the
will, except that part devising the 80-acre farm in section
12 in "Grand Pr." and the farm in Hitchcock county which
it is claimed are devised to his widow and Jacob and Cath-
erine as joint tenants, and that it was the clear intent and
purpose to absolutely exclude Henry Herter and wife from
all participation in his estate, so far as receiving any part
therein by virtue of the will is concerned.

The pleadings are too long to be set out here. It must be sufficient to say that the findings and decree followed the averments of the petition. A guardian *ad litem* was appointed for the minor children, who answered for them and their mother, Louise Herter, their guardian, first, by a general denial; second, alleging the relationship of the minors to Frederick C. Herter, deceased, and his relationship to the testator, and that his decease was long prior to the decease of the testator; third, alleging their ownership of the homestead of 160 acres by virtue of the trust deed given to J. W. Herter for their use and benefit; fourth, that Jacob and Catherine are the only surviving children of Abraham Herter, deceased, and that the decedent had given to Jacob 200 acres and to Catherine 160 acres of valuable land in Lancaster county, and that all the remainder of the real estate and personal property was intestate estate and descended to plaintiffs and defendants, minors, in the manner provided by law for the descent of intestate property. On the trial, the district court by its decree granted to plaintiffs the relief demanded, and so construed the will as to quiet the title to the 80 acres in section 12 (Grant Pr.) and the land in Hitchcock county, by proper descriptions, in the plaintiffs, Katherine Herter and Jacob Herter and Catherine Faulhaber. The guardian *ad litem* appeals.

The object and purpose of the court in construing a will is to carry out and enforce the intention of the testator. It is quite apparent from the action of the testator (prior to the making of the will) that he sought to make final and full division of his land among his children and the two grandchildren, but deferring the possession of the minors until after the decease of his widow and the expiration of a lease to plaintiff J. W. Herter and Philip Faulhaber, which lease would expire March 1, 1918, the rent payable to Katherine Herter, testator's widow, so long as she lived. It is evident that, should she depart this life before the termination of the lease, the rent would be payable to the two grandchildren. The title to the land in Grant precinct in Lancaster county and the 160 acres in

Hitchcock county were acquired by the testator subsequent, to the execution of the deeds to the other lands, and, if they are not transferred by the will, they are intestate property and would vest in the heirs according to the law of descent. What was the intention of the testator upon that subject? There is nothing in the will specifically devising those two tracts of land to any one. The only reference to them is found in the following clause: "The eighty acre farm in section twelf (Grand Pr.) you get it in comp, and make the best of it. The rent you will pay to Mother as long as she lives, or as long as she wants it. The farm in Hitchcock county you get it in comp also and make the best of it." It sufficiently appears from the evidence and from the will itself that the word "comp" must be construed to mean "company," and the question is: To whom does the word refer? Is it the widow, Katherine Herter, Jacob Herter and Mrs. Faulhaber, or to his heirs, including the two grandchildren, Louise and William J., the children of the deceased son Frederick? If to the latter, the surviving widow of testator Jacob Herter, and Mrs. Faulhaber and the two surviving children of Frederick, deceased, representing what he would have taken had he been living, each receives one-fourth interest, the rental to go to the support of the widow of the testator so long as she might live. If to the former, the widow of testator and the two living children, Jacob Herter and Mrs. Faulhaber, receives each one-third, with the rental to the widow during life. It is clear that all the personal property was given to the three last named, by the provisions of the first paragraph of the will. No reference is made to the grandchildren, but that part of the estate is specifically conferred upon the three named. The only reference to the two grandchildren in that part of the will dated June 9, 1905, is "Jakob will be a trusty administrator for the two grandchildren Louise and Willy." There is nothing in the will specifically conferring any property, real or personal, upon these two grandchildren, nor is there anything excluding them from participation in the estate, nor is the 80-acre farm in Lancaster county or the

160-acre tract in Hitchcock county specifically devised to any one by name. It seems that at the time the deeds were executed Mr. Herter sought to make as near an equal distribution of the land he then owned as he could, and, to carry out that purpose, he gave the two grandchildren the home farm, which he had rented to their father, evidently with the design of giving him the title at a future day. Frederick died, but his children were given by the trust deed what he was to receive. At the time of making the will the two tracts were undisposed of. We think it fair to presume that his mind had not changed to the disadvantage of the grandchildren, and that he intended them to receive what their father would have inherited had he been living, and that the use of the word "comp" could just as well include all as any part of his heirs. It is shown by the testimony that he had never entertained any ill will toward the two minor children. The spirit of fairness shown throughout his dealings with his blood kin supports rather than repels this presumption.

As held by us in *Heilman v. Reitz,* 89 Neb. 422, it is fundamental that heirs will not be disinherited by conjecture, but only by express words or necessary implication, and that the actual disposition of the estate to another person is necessary to deprive the heir of the property of his ancestor. We deem it also fundamental that, in the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent. To interpret or distract the descent or direct it in a different course should require plain words to that effect. *Wright v. Hicks,* 12 Ga. 155. See, also, 30 Am. & Eng. Ency. Law (2d ed.) 668. And that evidence of the declaration of the testator is inadmissible to establish his testamentary intention, or to aid in the interpretation of his will. *Zimmerman v. Hafer,* 81 Md. 347; 40 Cyc. 1433.

We can find nothing in the will, which, with any clearness, evinces a disposition on the part of the testator to disinherit the grandchildren or exclude them from the

"comp" named in the clause of the will under considera-
tion. As we view the language of the will, in the light of
the authorities and the circumstances under which the
will was made, we are forced to the conclusion that it was
not the purpose of the testator to exclude his grandchildren
from any participation in the two tracts of land referred
to.

The decree of the district court should be so modified
as to permit the children of Frederick Herter to partici-
pate in the titles of the lands described as the west half
of the southeast quarter of section 12, township 9, range
7, in Lancaster county, and the southwest quarter of sec-
tion 4, township 4, range 32, in Hitchcock county, to the
extent of one-eighth interest each therein, and Katherine
Herter, the widow of Abraham Herter, and Jacob Herter
and Catherine Faulhaber, each one-fourth, the incomes
therefrom to be paid to Katherine Herter during her nat-
ural life, and at her decease or waiver of her right to the
rent the land to be held as joint tenants, and that the title
be quieted accordingly.

The cause is remanded to the district court, with direc-
tions to enter a decree in accordance herewith.

REVERSED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.