LEWIS C. DUNLAP ET AL., APPELLEES, v. AGNES D. LYNN ET AL., APPELLANTS.

89 N. W. 2d 58

Filed March 28, 1958. No. 34352.

*Heaton & Heaton,* for appellants.

*Bern R. Coulter, Neighbors & Danielson,* and *James L. Macken,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is a proceeding in equity to obtain an adjudication of the meaning and effect of the part of the will

of Christina D. Dugger, deceased, which disposes of the residue of her estate. There is no issue of fact.

The will of Christina D. Dugger, a resident of Morrill County, was made May 28, 1913. The following persons related to her were then living: George W. Dugger, her husband; James P. Dunlap, her father; Christina C. Dunlap, her mother; Nelson C. Dunlap, a brother; Agnes D. Lynn, a sister; Patience D. Boyd, a sister; and Lewis C. Dunlap, a brother. Christina D. Dugger, sometimes hereafter referred to as testatrix, and her husband were divorced and their property rights adjudicated August 3, 1916. Testatrix did not remarry and she died without issue.

Christina C. Dunlap died April 7, 1924, and left surviving her James P. Dunlap, her husband, who departed this life January 21, 1929; Nelson C. Dunlap, a son; Agnes D. Lynn, a daughter; Patience D. Boyd, a daughter; Christina D. Dugger, a daughter; and Lewis C. Dunlap, a son.

Nelson C. Dunlap died April 25, 1930, and left surviving him a son, C. Palmer Dunlap, and a daughter, May D. English, who is now May D. Anderson. They are grandchildren of Christina C. Dunlap and a nephew and niece of Christina D. Dugger.

Patience D. Boyd died May 21, 1942, and she left surviving her two daughters, Ellen Boyd Yocum and Beatrice B. Landis. They were granddaughters of Christina C. Dunlap and nieces of Christina D. Dugger.

Agnes D. Lynn survives and has one child, Margaret Hamilton, who is living, is a granddaughter of Christina C. Dunlap, and a niece of Christina D. Dugger.

Lewis C. Dunlap is living and has no issue.

The grandchildren of Christina C. Dunlap above named were each born before the will of Christina D. Dugger was made. They are living and are the only grandchildren of Christina C. Dunlap.

Christina D. Dugger died September 21, 1956, a resident of and the owner of real estate in Morrill County.

Her will was admitted to probate by the county court of that county May 21, 1957. She was survived by Lewis C. Dunlap, her brother; Agnes D. Lynn, her sister; Margaret Hamilton, her niece, the daughter of Agnes D. Lynn; C. Palmer Dunlap, her nephew, and May D. Anderson, her niece, children of Nelson C. Dunlap, deceased; and Ellen Boyd Yocum and Beatrice B. Landis, her nieces, daughters of Patience D. Boyd, deceased.

The part of the will of Christina D. Dugger, deceased, concerned in this case is the paragraph thereof numbered and designated "FIVE" the language of which is: "If Christina C. Dunlap shall die before I do and there shall be no heirs born to me, then and in that case all of my property above described and all other property, both real and personal which shall belong to me at my demise shall descend to the heirs of Christina C. Dunlap share and share alike, and should there be grand children of the said Christina C. Dunlap they shall share and share alike of the share falling to their parent, under this will."

The district court found and adjudicated that Lewis C. Dunlap, Agnes D. Lynn, C. Palmer Dunlap, May D. Anderson, Ellen Boyd Yocum, and Beatrice B. Landis were, by the terms of the will of Christina D. Dugger, the only devisees and legatees under the will and the only persons entitled to share in the estate of the testatrix; that Lewis C. Dunlap and Agnes D. Lynn were each entitled to an undivided one-fourth of all the property owned by Christina D. Dugger at the time of her death; that C. Palmer Dunlap, May D. Anderson, Ellen Boyd Yocum, and Beatrice B. Landis were each entitled to an undivided one-eighth of all the property owned by Christina D. Dugger at the time of her death; and that Margaret Hamilton was not a devisee or legatee under the terms of the will of Christina D. Dugger and was not entitled to any of the property owned by the testatrix at the time of her death.

A motion of Agnes D. Lynn and Margaret Hamilton

for a new trial was denied and they by this appeal present the record to this court for review. The action of the trial court produced the precise result appellees sought by this litigation and, of course, they approve and attempt to sustain it on this appeal.

Appellants argue that the language of the will "they (grandchildren) shall share and share alike of the share falling to their parent" means that the gift to the grandchildren and their parents is an original gift to the former subject to the condition that they take only if the parents were living at the time of the death of the testatrix and received a part of her property under the will; that nothing "fell" under the will to Nelson C. Dunlap or Patience D. Boyd because they each predeceased the testatrix and any gift to them lapsed; that because thereof the grandchildren, C. Palmer Dunlap and May D. Anderson, children of Nelson C. Dunlap, deceased, and Ellen Boyd Yocum and Beatrice B. Landis, children of Patience D. Boyd, deceased, take no part of the estate of the testatrix; that the will says the grandchildren shall share in the share falling to their parent but nothing fell to the parents of the four grandchildren last above named and because of this there is nothing in which the four grandchildren can share; that Agnes D. Lynn and Lewis C. Dunlap are the only "heirs" of Christina C. Dunlap surviving the death of the testatrix; and that because of section 76-113, R. R. S. 1943, Agnes D. Lynn has a life estate in one-half of the property of the testatrix, her daughter Margaret Hamilton owns the remainder thereof in fee, and the other half of the property of the testatrix is vested in Lewis C. Dunlap in fee.

The family tree of testatrix is reproduced from the record.

There is an obvious patent ambiguity in the part of the will of the testatrix with which this case is principally concerned. A patent ambiguity must be removed by interpretation according to legal principles and the intention of the testator must be found in the will. In searching for the intention of the testator the court must examine the entire will, consider each of its provisions, give words their generally accepted literal and grammatical meaning, and indulge the presumption that the testator understood the meaning of the words used. The intention of the testator as determined from the will must be given effect if it is not inconsistent with any rule of law. The intention within the ambit of this rule is the one the testator expressed by the language of the will and not an entertained but unexpressed intention. Kramer v. Larson, 158 Neb. 404, 63 N. W. 2d 349; Blochowitz v. Blochowitz, 130 Neb. 789, 266 N. W. 644; Dahlke v. Dahlke, 155 Neb. 169, 51 N. W. 2d 266; § 76-205, R. R. S. 1943.

It is important to determine the time for ascertaining the heirs of Christina C. Dunlap. The part of the will in dispute says "heirs of Christina C. Dunlap." The will was made May 28, 1913. Christina C. Dunlap died April 7, 1924, and Christina D. Dugger departed this life September 21, 1956. The testatrix must have intended that the heirs of her mother would be determined as of one of these dates.

The heirs of Christina C. Dunlap on May 28, 1913, were her husband and her five children. The terms of sections 30-101 and 30-103, R. R. S. 1943, which existed in identical words on May 28, 1913, and April 7, 1924, gave one-third of the property of Christina C. Dunlap to her husband James P. Dunlap; and the residue of her property would have vested in equal shares in her children. The husband would have received five-fifteenths and each of the children, including Christina D. Dugger, would have become the owner of two-fifteenths. Christina C. Dunlap died April 7, 1924. Her husband

and five children survived her. Heirship was the same as it was on May 28, 1913. Her heirs and the proportions that they would have taken at the time of her death were identical with what they were on May 28, 1913, when the will was made. Christina D. Dugger was an heir of her mother and she would have inherited two-fifteenths of the property on April 7, 1924. It is convincingly obvious that the testatrix did not intend to be an heir to a part of the property she owned. She was an heir of her mother on each of the dates May 28, 1913, when the will was made and April 7, 1924, when her mother died so it may be concluded that the word "heirs" in paragraph five of the will was not used in a technical sense. There is nothing to indicate that Christina D. Dugger intended to die partially intestate. It must be concluded that the word "heirs" as used in paragraph five is used in a nontechnical sense to denote a hypothetical or artificial class and that the heirs of Christina C. Dunlap must be determined as of the time of the death of Christina D. Dugger on September 21, 1956.

The law of descent and distribution of this state provides that the heirs at law of a person who shall leave no husband or wife surviving shall be his children, in equal shares, and the lawful issue of any deceased child by the right of representation. §§ 30-102 and 30-103, R. R. S. 1943. The heirs at law of Christina C. Dunlap at the time Christina D. Dugger died September 21, 1956, and their proportionate shares were C. Palmer Dunlap and May D. Anderson, children of her deceased son Nelson C. Dunlap, each one-eighth; Agnes D. Lynn, her daughter, one-fourth; Ellen Boyd Yocum and Beatrice B. Landis, children of her deceased daughter Patience D. Boyd, each one-eighth; and Lewis C. Dunlap, her son, one-fourth. It is clear that the word "heirs" was not used in this will in a technical sense and that the heirs of Christina C. Dunlap should be decided as of the date of the death of the testatrix.

In Brandeis v. Brandeis, 150 Neb. 222, 34 N. W. 2d 159, the will of the testator provided that upon the death of his wife to whom a life interest was left, the shares of stock owned by him should vest in his brothers, Arthur and Emil, in equal shares and that if either of his brothers should die during the life of his wife, "his lawful male heirs, as of the date of her death, shall take his share." His brother Emil died during the life of his wife. The problem was whether Emil's heirship should be determined as of the date of his death or as of the date of the death of the testator's wife. If the former, only one nephew would have received the stock; if the latter, the stock would be distributed among three nephews. The court held that heirship should be determined as of the date of the death of the testator's wife, which was 1946, even though Emil died 34 years earlier in 1912. It is said therein: "The burden devolving upon the court is to determine, within the limits of this inquiry, whether in the use of the quoted words H. Hugo Brandeis had reference to those who were lawful male heirs of Emil Brandeis at the date of his, Emil's, death, or those who would have been his lawful male heirs at the death of Lyela Brandeis had he survived the testator, his brother Arthur D. Brandeis, and his sister Sarah Brandeis Cohn. If he intended the former then the defendants are entitled to prevail. If he intended the latter then the plaintiffs are entitled to prevail. There is no contention on the part of any of the parties to this action that the intention of the testator in this respect, no matter what it shall be found to have been, may not be allowed to prevail. * * * In this light it is clear from the will that the testator did not use the term 'heirs' in a technical sense but with the purpose and intention of indicating those of a particular class closest in blood relation to the named beneficiary if such beneficiary died prior to the death of Lyela Brandeis. To accept and enforce such an inten-

tion and purpose will conform to well-accepted principles of law."

In Tyler v. City Bank Farmers Trust Co., 314 Mass. 528, 50 N. E. 2d 778, this appears: "In the accurate use of language, only those entitled to inherit at the death of another can be called his heirs. Accordingly, unless a contrary intention appears, a gift in a will to the heirs of a person, whether he be the testator or a life tenant or another, will be construed as a gift to such heirs determined as of the time of death of that person. * * * The general rule will yield, however, where it appears that the testator used the word 'heirs' in an inaccurate sense, to denote a hypothetical and artificial class composed of those who would have become heirs had their ancestor lived until some then future time * * * and the intention of the testator will be given effect."

The heirs at law of the testatrix and the heirs of Christina C. Dunlap as of the time of the death of the testatrix are the same and they take in the same proportion as stated in detail above. If patent ambiguity exists, and the will does not require a different interpretation, it is presumed that the testatrix intended that the property should go where the statute of descent would have taken it if there were no will. This is true because the statute of descent recognizes as the natural objects of one's bounty those who bear the closest blood relation to the deceased and that heirs at law are not disinherited by mere speculation.

In Herter v. Herter, 97 Neb. 260, 149 N. W. 795, this court declared: "In the absence of anything in a will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent."

It is said in Heilman v. Reitz, 89 Neb. 422, 131 N. W. 909: "Heirs will not be disinherited by conjecture, but only by express words or necessary implication."

It is said in Hunter v. Miller, 109 Neb. 219, 190 N. W.

583: "Where there is a doubt as to the distribution of property under a will, the heirs at law will be favored, and, so far as consistent with the terms of the will, or the reasonable inferences to be drawn therefrom, the law of descent will be followed as presumptively in accord with the intention of the testator."

Roberts v. Roberts, 147 Neb. 494, 23 N. W. 2d 774, contains this: "The channel of natural descent is recognized by statute. Sec. 30-228, R. S. 1943, directs that where a devisee, being a child or other relation of the testator, dies before the testator, his issue, if any survive the testator, take the estate devised to the ancestor 'unless a different disposition shall be made or directed by the will.' "

There is no language in the will and it yields no inference which is contrary to the presumption that the estate should descend and be distributed in accordance with the statute of descent and the nonlapse statute. § 30-228.03, R. R. S. 1943. The reasonable interpretation of paragraph five is consistent with this presumption. Another interpretation would be strained and capricious. If this presumption is recognized, the grandchildren become substitutional beneficiaries who take per stirpes and the will becomes a reasonable and sensible instrument.

Appellants contend that no niece or nephew takes under the will unless his parent survives the testatrix. If this is true and the brothers and sisters of the testatrix had died before she departed this life, she would have died intestate. This could have happened. The will was made May 28, 1913. The testatrix was then about 40 years of age. Her brother Nelson C. Dunlap was 42 years of age, her sister Agnes D. Lynn was 41 years of age, her sister Patience D. Boyd was 37 years of age, and her brother Lewis C. Dunlap was 30 years of age. The will was not rejected and another will was not made. The testatrix lived more than 43 years after its execution. She died when she was more than 83 years

of age. Nelson C. Dunlap had been dead for 26 years, Patience D. Boyd for 13 years, and Agnes D. Lynn was 84 years of age. It is not difficult to presume that there was a reasonable probability, of which the testatrix was aware, that Agnes D. Lynn and Lewis C. Dunlap would predecease her. If they had and the construction placed on paragraph five by appellants is correct, no brother or sister would have taken, no grandchild would have taken, and the testatrix would have died wholly intestate. A construction which might have resulted in intestacy should not be adopted if, by reasonable construction, it can be avoided. In Attebery v. Prentice, 158 Neb. 795, 65 N. W. 2d 138, this court declared: "There is a presumption that a testator intended to dispose of his entire estate and not to die intestate either as to the whole or as to any part thereof. Where a provision of a will is fairly open to more than one construction, a construction resulting in an intestacy as to any part of the estate will not be adopted if, by a reasonable construction, it can be avoided." See, also, Polsky v. Continental Nat. Bank, 240 F. 2d 732. Intestacy will not result from the construction urged by appellants but that is only because a brother and sister survive the testatrix. If they had not survived her and if the interpretation was adopted that appellants suggest, there would have been total intestacy. It must be presumed that the testatrix did not intend that should happen. The grandchildren of Christina C. Dunlap were all living when the will was made May 28, 1913. The oldest grandchild, Margaret Hamilton, was about 10 years of age and May D. Anderson, the youngest was 4 years of age. The words "should there be grand children" cannot be said to refer to a future contingent event. It happened before the will was executed. These words must be given a rational meaning. The facts of life indicate that the grandchildren would survive their parents. Likewise the language that the grandchildren should "share and share alike of the share falling to

their parent" should be given a sensible meaning. If the grandchildren were not to participate by way of representation, the words last quoted are without meaning. It may not be presumed that the testatrix used language that had no application or effect. If the words "if their parents should predecease me" are read into the paragraph in dispute, the intention of the testatrix is beyond doubt. It may be, considering all the circumstances, reasonably said that the suggested words were implied and necessary implication is equivalent to expression. Therefore nothing is added to the will.

The conclusion is that the meaning of paragraph five of the will is that the testatrix thereby devised and bequeathed her property to her sister Agnes D. Lynn and to her brother Lewis C. Dunlap each one-fourth and to her nephew and nieces, C. Palmer Dunlap, May D. Anderson, Ellen Boyd Yocum, and Beatrice B. Landis, the grandchildren of Christina C. Dunlap, each one-eighth.

The judgment of the district court should be and it is affirmed.

AFFIRMED.

SIMMONS, C. J., did not participate in the decision of this case.