IN RE ESTATE OF GEORGE H. KRITER, DECEASED.
ROBERT SLOCUM, APPELLANT, V. M. S. HEVELONE, EXECU-
TOR OF THE ESTATE OF GEORGE H. KRITER, DECEASED, ET
AL., APPELLEES.

243 N. W. 2d 773

Filed July 7, 1976. No. 40529.

James M. Kelley of Wood, Kelley, Thorough & Wolfe, for appellant.

Steven R. Brott and Everson, Noble, Wullschleger, Sutter & Fischer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The question on this appeal is the proper construction of the following provision of the last will and testament of George H. Kriter, deceased, to wit: "ITEM II. Any United States Bonds, issued in the joint name of myself and my nephew Robert Slocum, or any others which may be in my possession at the time of my death, shall be delivered to the said Robert Slocum or other designated beneficiaries." The appellant Robert Slocum, a nephew of the testator, takes the position that by virtue of this provision he was bequeathed all the United States bonds which belonged to the testator and as to which there was no surviving coowner or beneficiary at the time of the testator's death. The individual appellees, who are nieces and nephews of the testator, take the position that item II is not a dispositive provision, but simply an instruction to the executor to do what would have to be done in any event, namely, to deliver to coowners or beneficiaries those bonds as to which there was a surviving coowner or beneficiary, and that other bonds held by testator on his death, i.e., those on which no coowner or beneficiary is named and those in which a coowner or beneficiary predeceased the testator, should pass under the residuary clause of the will. Slocum also contends that the trial court erred in refusing to permit the introduction of the testimony of linguistic experts as to the meaning of item II. We affirm the judgment of the District Court.

The only evidence introduced or offered was a stipulation of facts and some attached exhibits. The record

shows the following. The will containing item II was executed by the testator on July 21, 1955. Item III of the will left the residue of his estate one-half to his sisters and one-half to his nieces and nephews. At the time of the execution of the will, testator was the owner and apparently in possession of United States bonds as follows: One United States bond, issue date November 1951, in which Robert Slocum was designated as co-owner; a number of bonds in which a sister, Lillie Kriter, was designated as coowner; and other bonds in which he was the sole owner. He owned no bonds on which a payable on death beneficiary was designated. After the execution of the will, Kriter acquired additional bonds of which he was sole owner. Lillie Kriter died before the testator.

On October 19, 1971, Kriter executed a codicil to his will which amended item III to leave an undivided two-fifths of the residue of his estate to his sister, Nellie, and an undivided three-fifths to his nieces and nephews in equal shares. The codicil also provided that if Nellie should predecease him the bequest to her should lapse and then "my entire estate shall be divided equally among my nieces and nephews." It also contained a provision for the children of any deceased niece or nephew to take per stirpes the share of any deceased parent.

Nellie died in 1972. Testator died in 1974. The only devisees and legatees are the nieces and nephews, including Slocum. Received in evidence were Treasury Department regulations governing ownership designation of United States bonds.

The cardinal rule in construing a will is to ascertain and effectuate the intention of the testator if such intention is not contrary to law. The intention is to be determined from the language of all the pertinent provisions of the will, and where applicable, the circumstances under which the will was made. Wondra v. Platte Valley State Bank & Trust Co., 194 Neb. 41, 230 N. W. 2d 182. "A patent ambiguity in a will must be

removed by interpretation according to legal principles and the intention of the testator must be found within the will; that intention is the one the testator expressed by the language of the will and not an entertained but unexpressed intention. . . . In searching for the intention of the testator the court must examine the entire will, consider each of its provisions, give words their generally accepted literal and grammatical meaning, and indulge the presumption that the testator understood the meaning of the words used. . . . Where a possible construction of the words in a will leads to a highly improbable result, the court will lean toward a construction that will carry out the natural intention of the testator." Gretchen Swanson Family Foundation, Inc. v. Johnson, 193 Neb. 641, 228 N. W. 2d 608.

Slocum's principal argument, as we see it, has two prongs: First, he contends that the phrase "or any others" in item II grammatically has no modifier, for example, "issued in the joint name of myself and other coowners," and therefore the phrase literally and grammatically means "all other bonds which may be in my possession at the time of my death." Slocum then eliminates the last phrase of the provision, to wit, "or other designated beneficiaries," by arguing that under Treasury Department regulations the term "beneficiaries" is a technical term referring only to the designations P.O.D., or payable on death, and since there were no bonds with that designation, the phrase must be eliminated and, accordingly, item II reads: "Any United States Bonds, issued in the joint name of myself and my nephew Robert Slocum, and all [any] other bonds which may be in my possession at the time of my death, shall be delivered to the said Robert Slocum." One of the problems of this interpretation is that under the rules of construction we are required to consider what the testator meant by the phrase "or other designated beneficiaries." When we ask the question, "Where designated?" the only answer we come up with is, "In the

bonds themselves." This then ungrammatically but by implication supplies the missing modifier of "any others" so that the provision reads: "Any United States Bonds issued in the joint name of myself and my nephew Robert Slocum, and all other bonds which may be in my possession at the time of my death, shall be delivered to the said Robert Slocum or other beneficiaries designated in the bonds." This version also is ambiguous. The conjunction "or" indicates an alternative. Are the bonds to be delivered to Slocum, or to the other (if any) designated beneficiaries, or perhaps divided between them? Is this a power of appointment in the executor? Surely not. It does not seem at all reasonable to conclude that the testator intended to make a bequest of those bonds which would not pass to a coowner or beneficiary under Treasury Department regulations depend upon the chance circumstance that such coowners or beneficiaries might survive him and then give the executor the power to choose between them. The fact that Slocum was the only surviving coowner would not seem to change this. Testator acquired additional bonds after executing the will. He could have designated coowners or beneficiaries therein. The language of item II would indicate he contemplated doing so.

The only reasonable construction of item II is that it was a provision designed only for the information of the executor as a direction to him to do what would have to be done in any event, namely, deliver jointly owned or beneficiary bonds, if any, to the persons legally entitled to them under Treasury Department regulations. "A United States savings bond is a contract between the federal government and the purchaser, and Treasury Department regulations governing such bonds are incorporated into the contract by reference and are beyond the reach of state law to modify or destroy." Nelson v. Rasmussen, 164 Neb. 274, 82 N. W. 2d 418.

In summary, as the trial judge pointed out in his memorandum opinion, item II was not a dispositive pro-

vision. Even the word "deliver" is not technically a dispositive term. Its ordinary meaning is simply "to yield possession . . . of . . . or hand over." Websters Third New International Dictionary (Unabridged). It does not necessarily refer to a transfer of ownership. On the other hand, the term usually used in dispositive provisions, i.e., "give" or "bequeath," do convey the concept of conferring ownership. Websters Third New International Dictionary (Unabridged). Also worthy of mention is the fact that item III as amended by the codicil of October 19, 1971, anticipates the possibility that testator's sister, Nellie, might predecease him and provides that in such event "my entire estate shall be divided equally among my nieces and nephews." This provision conflicts with the interpretation which Slocum urges. All the decedent's bonds on which there was no surviving coowner or beneficiary designated were part of his "entire estate."

Slocum's assignment of error pertaining to refusal of the trial court to permit two linguistic experts to testify to the correct grammatical meaning of item II is not well taken. Even if we assume the relevance and admissibility of such testimony, the record does not lay the necessary foundation for its admission. The witnesses were not called, no offer of testimony was made, and there is nothing in the record to establish that Slocum was deprived by the trial court of the opportunity to call such witnesses or to make an offer of such testimony. The transcript shows only that at pretrial conference: "Plaintiff intends to offer no other exhibits but proposes to call Sheldon Stick and Dr. Hassan Sharifi and a third witness yet unnamed. . . . The heirs propose no exhibits and no witness other than M. S. Hevelone; it being assumed that the stipulated matter will be evidence. . . . Executor propose no exhibits and no witness other than M. S. Hevelone; it being assumed that the stipulated matter will be evidence." The court ordered: ". . . that with respect to all parties no

other witnesses or exhibits shall be offered at trial unless the parties seeking to offer or call the same shall notice the court and opposing counsel in writing two weeks or more before date of trial indicating the witness to be called and the exhibit to be offered, unless good cause be shown at the time of trial." The applicable rule is: " 'In order to predicate error upon a ruling of the court refusing to permit a witness to testify, or to answer a specific question, the record must show an offer to prove the facts sought to be elicited.' Cox v. Kee, 107 Neb. 587, 186 N. W. 974." Gugelman v. Kansas City Life Ins. Co., 137 Neb. 411, 289 N. W. 842.

AFFIRMED.