JOHN S. OLSON ET AL., APPELLEES, V.
EDITH LUELLA SAMPSON, APPELLANT.

302 N.W.2d 32

Filed February 13, 1981. No. 43007.

Neil W. Schilke of Sidner, Svoboda, Schilke, Wiseman & Thomsen for appellant.

Bernard T. Schafersman of Yost, Schafersman, Yost, Lamme & Hillis for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action to quiet title and partition certain real estate. The appellant, Edith Luella Sampson, alleged that she owned a life interest in one specific tract and prayed that partition be denied as to that tract. The District Court found that appellant had no life interest in the property and entered judgment quieting title and ordering partition. The sole issue on appeal is the nature and extent of the interest Edith Luella Sampson acquired in the tract under the will of John Sampson.

John Sampson died testate on December 7, 1925, leaving eight surviving children. A handwritten will, executed by the testator's mark, left an 80-acre tract of land in specific portions of approximately 26 acres each to his daughter, Alice Amanda; his son, Victor Emanuel; and his daughter, Edith Luella, the appellant here. The testator's will then devised the 120-acre tract directly involved in this appeal to the testator's daughters, Ingrid Sardina, Anna Matilda, Emma Josina, and Esther Johanna, and his son, Nels Hjalmar, equally, share and share alike, and stated: "Provided, however, that the 120 acres herein devised cannot be sold by the owners thereof so long as any of the five children named in this paragraph are living. If any of said five children should die without issue the share of the one so dying shall descend to all of the lawful heirs of said child. Provided also, that my daughter Edith Luella shall, before her marriage, have the right to make her home with my said five children on the premises described in this paragraph."

The family residence was located on the 120-acre tract, and following the death of John Sampson it continued to be the family home. The five children, to whom the 120-acre tract was devised, and the appellant, who was and is unmarried, continued to live in the house. Esther Johanna married and left the home for some period of time but returned later and lived in the residence again with her three children until her death intestate in 1939. The other three devisee daughters never married and lived in the house until their deaths, and all died intestate. Nels Hjalmar, the last survivor of the five devisees of the 120-acre tract, died intestate in 1968. At that time the appellant was 76 years old and remained unmarried.

After the death of John Sampson, the appellant assumed the duty of directing and managing the family farm and business. Before the death of Nels Hjalmar, income from the 80-acre tract and the 120-acre tract was kept in a bank account under the names of both the appellant and Nels Hjalmar. Funds in the account, in addition to business expenses, were used to pay living expenses of family members living in the residence and, at least on occasion, for expenses of those not living there. The agricultural land on both tracts was leased. Following the death of Nels Hjalmar, the appellant continued to live in the residence and continued to lease the land, and has reported all income from both tracts on her personal income tax returns. She was living on the premises at the commencement of this action.

On October 17, 1978, the plaintiffs, who are two sons of Esther Johanna Sampson Olson, filed this action to quiet title and partition the 120-acre tract and that portion of the 80-acre tract that had been devised to Victor Emanuel Sampson, who died intestate in 1941. On August 3, 1979, the District Court found that the appellant did not have a life interest in the 120-acre tract, confirmed and quieted title in the respective owners in the percentages set out,

and ordered partition of the real estate. On this appeal no issue is raised with respect to any portion of the 80-acre tract of land, nor is there any issue as to the ownership of the fee interests in the 120-acre tract. The only issue on appeal is the nature and extent of the interest the appellant acquired in the 120-acre tract under the will of John Sampson.

The appellant originally alleged that the language of the will created a conditional life estate in the appellant, but now asserts only that the language created a conditional license or privilege to occupy and use the premises for the term of her life. She also contends that the license and privilege is not limited to the use of the residence on the land but extends to the entire 120 acres, conditioned only upon her remaining unmarried.

The provisions and conditions of a will are to be construed by the courts with a view to carrying out the intention of the testator, and the cardinal rule in construing a will is to ascertain and effectuate that intention. The intention of the testator is to be determined from the language of all the pertinent provisions of the will and, where applicable, the circumstances under which the will was made. In searching for the intention of the testator, the court must examine the entire will, consider each of its provisions, give words their generally accepted literal and grammatical meaning, and indulge the presumption that the testator understood the meaning of the words used. Where a possible construction of the words in a will leads to a highly improbable result, the court will lean toward a construction that will carry out the natural intention of the testator. See, *Rasmussen v. Wedge*, 190 Neb. 818, 212 N.W.2d 637 (1973); *Slocum v. Hevelone*, 196 Neb. 482, 243 N.W.2d 773 (1976).

The overall plan of the testator divided his property approximately equally between all of his children and was also apparently intended to provide a home for some of his children. The real property the testator owned consisted of two tracts and the residence was

on the larger 120-acre tract. The smaller 80-acre tract was devised to one of his sons, one married daughter, and the unmarried appellant, who was also designated as executrix of his will. The larger 120-acre tract involved here, upon which the residence was located, was devised to the remaining five children, share and share alike, with the limitation that the land could not be sold by the owners so long as any of the five children were living. The will also provided that if any of the five children died without issue, his or her share would descend to his or her heirs. The testator then added the provision which is critical here: "Provided also, that my daughter Edith Luella shall, before her marriage, have the right to make her home with my said five children on the premises described in this paragraph."

In determining the question of what character or quantum of estate or interest is created by a will which, by mere direction, purports to establish premises as a home for one or more designated persons, the terms of the particular instruments vary so greatly that no pattern or rule of decision can be determined. See Annot., 45 A.L.R.2d 699 (1956). The language used by the testator in the present case, that appellant should "have the right to make her home" with the five devisees of the land, would indicate that the testator intended to give the appellant only the privilege of using the home as a residence before her marriage but did not intend to create any right or interest in the land or in the income from the land.

The testator devised the entire fee title to the 120-acre tract to the five named children, with specific limitations. The first was that the land could not be sold by any of the owners so long as any of the five named children were living. He also provided that if any of the five children died without issue, his or her share would descend to all of his or her lawful heirs. The proviso for the appellant to make her home on the premises followed. All restrictions on sale or disposi-

tion of the property ended with the death of the last devisee. The appellant's privilege to occupy the residence on the premises "with" the five devisees ended at the same time. It may well be.that the testator did not contemplate that the appellant would remain unmarried and would survive all the named devisees. The intention of the testator is the one expressed by the language of the will and not an entertained but unexpressed intention. See *Slocum v. Hevelone, supra.*

The finding and judgment of the District Court that the appellant did not own any life interest in the 120-acre tract was correct, and the judgment of the District Court confirming and quieting title in the respective owners and ordering partition is affirmed.

AFFIRMED.