In re ESTATE OF ELIZABETH M. SCHMITZ, DECEASED.
AVA M. SHIELDS, APPELLANT, v. ARDIS E. HINSHAW,
PERSONAL REPRESENTATIVE OF THE ESTATE OF
ELIZABETH M. SCHMITZ, DECEASED, APPELLEE.

332 N.W.2d 666

Filed April 15, 1983. No. 81-925.

Sarah Jane Cunningham of Cunningham Law Office, P.C., for appellant.

Fred T. Hanson of Hanson & Hanson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

This appeal concerns the last will and testament of Elizabeth M. Schmitz and a certain trust created by the will. Specifically, it concerns whether the provisions creating the trust are void because the trust's termination clause violates the rule against perpetuities. Both the county court of Red Willow County, Nebraska, and the District Court for Red Willow County, Nebraska, found that the provisions in question did not violate the rule against perpetuities. Our examination of the record likewise convinces us that the provisions in question do not violate the rule against perpetuities, and for that reason we affirm.

The testator, Elizabeth M. Schmitz (Schmitz), died on December 24, 1980, and her last will and testament was admitted to probate on January 27, 1981. The court found that Schmitz left, as her heirs and devisees, her two daughters, Ardis E. Hinshaw

and Ava M. Shields; four grandsons, Robert E. Hinshaw, H. Cecil Hinshaw, Robert J. Shields III, and John C. Shields; two granddaughters, Ava N. Duba and Anne E. Bowman; one great-grandson, Brandon E. Hinshaw; and three great-granddaughters, Carly May Duba, Kelli Rae Hinshaw, and Lori Ann Bowman.

The two provisions in question are contained in paragraphs 6 and 7 of Schmitz' will. Paragraph 6 of the will provides as follows: "DISPOSITION OF FARMS AND EQUIPMENT. All of my real estate, together with the machinery and equipment on my farms, I devise to a trust to be called the ELIZABETH M. SCHMITZ TRUST for the purpose of managing the same and paying the net income of the same to my said daughters, in equal shares, if they survive me, and if either of them is deceased, or upon the death of either, that right to share the income shall pass to their issue in trust by right of representation."

Paragraph 7 of the will provides for the termination of the trust as follows: "TERMINATION OF THE TRUST. In no event shall the trust continue beyond the lives of the issue of the trustor, living at the date this trust becomes effective, and, after the death of the last of such persons, then for the period required for a descendant to reach the age of 21 or the age of majority, as that age may be determined by law at the relevant time, whichever is reached first. Upon termination of the trust the corpus shall vest in the then income beneficiaries in the proportions in which they are then entitled to the income."

There is, of course, no problem with regard to paragraph 6 of the will. It simply creates a trust for both the daughters of Schmitz and, upon their death during the term of the trust, for their issue, who the county court determined to be the various grandchildren and great-grandchildren earlier named. This is in conformance with Neb. Rev. Stat. § 30-2209(23) (Reissue 1979), which defines issue as

meaning all of a decedent's lineal descendants of all generations.

Turning then to the termination clause, we find that the trust is to terminate when all of the issue of Schmitz, living at the date of her death, die and "then for the *period required for a descendant* to reach the age of 21 or the age of majority, as that age may be determined by law at the relevant time, whichever is reached first." (Emphasis supplied.) It is this clause which gives rise to the controversy and requires interpretation.

In attempting to construe the provisions of a will we are directed by certain rules of construction. "The cardinal rule in construing a will is to ascertain and effectuate the intention of the testator if such intention is not contrary to the law." *Slocum v. Hevelone,* 196 Neb. 482, 484, 243 N.W.2d 773, 776 (1976). Moreover, the right to dispose of one's property by will at death is a valuable right which is favored by the law, and it will be sustained whenever possible. See *Brown v. Applegate,* 166 Neb. 432, 89 N.W.2d 233 (1958). "Where a possible construction of the words in a will leads to a highly improbable result, the court will lean toward a construction that will carry out the natural intention of the testator." *Olson v. Sampson,* 208 Neb. 18, 21, 302 N.W.2d 32, 34 (1981). "In searching for the intention of the testator the court must examine the entire will, consider each of its provisions, give words their generally accepted literal and grammatical meaning, and indulge the presumption that the testator understood the meaning of the words used." *Gaughen v. Gaughen,* 172 Neb. 740, 745, 112 N.W.2d 285, 288 (1961).

With these general rules in mind we now turn to an examination of the will, particularly in light of the rule against perpetuities. "The rule against perpetuities prohibits only the creation of future interests or estates which, by possibility, may not become vested within a life or lives in being and 21

years, together with the period of gestation when necessary to cover cases of posthumous birth." *Gade v. Descendants of Unitt,* 197 Neb. 713, 715-16, 250 N.W.2d 644, 647 (1977). See, also, *Hauschild v. Hauschild,* 176 Neb. 319, 126 N.W.2d 192 (1964); *Gillan v. Wilson,* 124 Neb. 893, 248 N.W. 646 (1933). If a provision of a will violates the rule against perpetuities (that is to say, if the interest does not vest within lives in being plus a maximum of 21 years), the provision is void and must fail.

The appellant, Ava M. Shields, who is one of the daughters of Schmitz, maintains that paragraph 7 of her mother's will violates the rule against perpetuities because paragraph 7 requires, as a condition of terminating the trust, that some descendant of Schmitz *in fact* must reach either the age of majority or 21 years, whichever first occurs. Shields argues that it is conceivable that after the death of all of the lives in being, none of the subsequent descendants of those lives in being might reach the age of majority or 21 years of age, thereby making it impossible for the trust to ever terminate. If Shields is correct in her interpretation of the clause in question and a descendant of Schmitz must in fact live to reach the age of majority or 21 years of age before the trust may terminate, then Shields would be correct. The trust might not vest within lives in being plus 21 years.

We believe, however, that her reading of the provision is not correct. In interpreting the will, emphasis must be placed upon the words "required to reach" and not upon the question of whether in fact any descendant does reach that age. The phrase in paragraph 7, "for the period required for a descendant to reach the age of 21 or the age of majority," is merely a method of measuring a period of time without regard to whether an individual is in fact alive. The period required for a descendant to reach the age of majority or 21 years of age is certain and is the same whether any descendant is

alive or not. No one need be alive for the required period to expire.

Were we to accept the interpretation urged by Shields, we would have a situation in which there would arise both the possibility that the trust could never terminate and that it would be in violation of the rule against perpetuities. We perceive of no reason why the testator, who is presumed to desire that she die testate as to all of her property, would not want the trust to ultimately terminate and the proceeds distributed to her descendants. See *Dunlap v. Lynn,* 166 Neb. 342, 89 N.W.2d 58 (1958). We cannot perceive that she would have drafted an instrument which might require the trust to remain in existence, though none of her descendants were alive to receive the benefits, and would violate the rule against perpetuities, if such an interpretation could be avoided. This notion is in keeping with the statement contained in 61 Am. Jur. 2d *Perpetuities, Etc.* § 8 at 15 (1981), where it is noted: "While the rule against perpetuities prevails over intention, a document should be interpreted if feasible to avoid the conclusion that it violates the rule. Thus, although the rule against perpetuities is not a rule of construction but a rule of property, yet if there is any ambiguity in the deed or will, or if there are two possible constructions, one of which would permit effect to be given to the whole instrument and the other of which would result in defeating the instrument, in whole or in part, preference will be accorded to the construction which will uphold the deed or will. Where the language of a will leaves the court in doubt whether the rule has been transgressed, the doubt may be within reasonable limits resolved in favor of the construction that the future estate constitutes a vested rather than a contingent remainder.

"Indeed, the maker of a deed or will has been held conclusively presumed to have intended a limitation

to take effect within the lawful period, unless the contrary is expressly and plainly declared.''

Given the choice between the interpretation suggested by Shields, which results in violating the rule against perpetuities and voiding the provisions of the will, and that offered by the personal representative, which results in carrying out the obvious intent of Schmitz, we opt for the latter.

For all of the above reasons, we believe that both the county court initially and the District Court on appeal were correct in their interpretation, and the judgment finding that the last will and testament of Elizabeth M. Schmitz does not violate the rule against perpetuities must be upheld.

AFFIRMED.