SWANN, Judge.
The residuary estate created by the will of the decedent, Beatrice G. George, was insufficient to fully pay the estate taxes and costs of administration of the estate. The will made no provision for the payment of estate taxes and the county judge therefore entered an order which provided, essentially, that the balance of the estate taxes and costs of administration should be paid by the appropriation of those assets which would otherwise have been set aside for the general legatees under the will.
The appellant, a general legatee under the will, has taken an appeal from that order.
Appellant’s point on appeal is whether the burden of the remaining estate taxes and costs of administration should have been apportioned among the general legatees first and then, (if the general legacy was insufficient to satisfy the remaining taxes and costs) among the specific legatees; or whether the burden should have been apportioned among general and specific legatees alike.
The appellant argues that under Section 734.041, Florida Statutes, F.S.A., the burden must be equally apportioned among general and specific legacies alike. We hold that the county judge properly placed the burden of estate taxes and costs of administration first upon the general legatees, after appropriation of the assets in the residuary estate.
Section 734.041(a), Florida Statutes, F.S. A., relates to the apportionment of estate taxes in the event that the residuary estate should be insufficient to pay the estate tax. Provision is then made for the mode of apportioning the remaining estate tax as follows :

“(a) If any portion of the estate passed under the will of a decedent as a specific bequest or devise, or general legacy, or in any other non-residuary form * * * the net amount of the tax attributable thereto shall, except as otherwise directed by the will, be charged to and paid from the residuary estate of the testator without requiring contribution from persons receiving such interests. In the event the residuary estate is insufficient to pay the tax attributable to such interests, any balance of such tax shall, except as otherwise directed by the will, be equitably apportioned among the recipients of such interests in the proportions that the value of each such interest included in the measure of such tax bears to the total of all such interest so included.” (Emphasis added)
******
Section 734.06, Florida Statutes, F.S.A., on tile other hand, is of broader scope. It specifies the order of priority for abatement and who must contribute in the event the assets are insufficient for the full payment of debts, estate and inheritance taxes, charges and expenses of administration, etc. It provides that residuary legacies and devises abate first; general legacies and devises next, and specific and demonstrative legacies and devises shall abate last. Section 734.05, Florida Statutes, F.S.A., provides a similar order of priority for an appropriation of assets, to pay estate taxes and costs where there is no provision set forth in the will.
In the instant case, the residuary estate is conceded by appellant by his own computation to be at least $43,661. This amount was sufficient to cover the $33,000 of estate taxes attributable to the residuary, general and specific legacies. It was only when approximately $17,000 was added for the debts and costs of administration that the residuary became insufficient to meet the combined load. Section 734.041(a) was therefore not applicable.
No reversible error having been clearly demonstrated, the order of the county judge is hereby
Affirmed.