469 So.2d 957 (1985)
In re ESTATE OF Mildred D. POTTER, Deceased.
No. 84-1213.
District Court of Appeal of Florida, Fourth District.
June 5, 1985.
*958 James B. Thomas of Thomas & Billington, Pompano Beach, and Larry Klein, West Palm Beach, for appellant-Wanke.
Michael Sean Shannon and Pamela Middlebrooks, Fort Lauderdale, for Edwin E. Potter.
Edwin D. McDonald, Fort Lauderdale, for Personal Representative, Landmark First Nat. Bank of Fort Lauderdale.
WALDEN, Judge.
Mildred D. Potter died testate. Her will provided:
In the event my husband, EDWIN E. POTTER, shall not survive me, I bequeath and devise my residence known as 14 Sunset Lane, Pompano Beach, Florida, together with all household goods contained therein to my daughter, HELEN POTTER WANKE, if she shall survive me. If my said daughter does not survive me, this bequest shall lapse and such residence shall be sold by my Executor and the proceeds thereof shall become a part of my residuary estate. It is my intention that the properties specifically bequeathed and devised in accordance with the provisions of this Article II of my Will shall pass to the persons named therein free of administrative expenses and free of any liability for estate and inheritance taxes, and I therefore direct my Executor that the said property shall not be considered assets in its hands for any said purposes.
Contemporaneous with the execution of her will, Mrs. Potter executed an amendment to her preexisting inter vivos trust, which amendment provided that in the event Mrs. Potter's daughter, Helen, did receive the Pompano Beach residence under the terms of the will, then the trustee "shall thereupon pay over to grantor's son, Edwin E. Potter, Jr., an equivalent amount, out of the trust assets before its division into the two trusts for grantor's son and daughter, free of the trust."
The will also provided that any property specifically bequeathed would pass free of administrative expenses and any liability for estate and inheritance taxes and authorized the executor, if necessary, to request sums to be paid from the trust to the estate to pay debts, administration expenses, taxes, etc. The trust also provided for the trust to pay those expenses of the estate.
Mrs. Potter's husband predeceased her so that upon Mrs. Potter's death, the above-stated terms of the will and the trust became operative. Thus, restating the situation, Mrs. Potter, via her will, wanted *959 her daughter to have the residence, free and clear, and, via her inter vivos trust, wanted her son to have a sum in cash equivalent to the value of the residence received by her daughter.
Unfortunately, there were insufficient assets in the trust to pay Mrs. Potter's son the equivalent sum in cash.
At the personal representative's behest, the trial court entered the appealed order which undertook to interpret the will and trust. It was ruled that Mrs. Potter's intent was to treat the son and daughter equally in the distribution of her estate. Since the assets were insufficient to allow the implementation of the literal provisions of both the will and trust, the trial court ordered the sale of the residence; the payment of taxes and all administration expenses; and, the division of the remainder equally between the son and daughter.
While we disagree with the ultimate conclusion reached by the trial court, we do agree with the finding contained in the appealed order that the trust in question was incorporated by reference into Mrs. Potter's will and that they should be thereby construed together in determining Mrs. Potter's intent. See § 732.512(1), Fla. Stat. (1983). Moreover, and as a peripheral consequence, the trust provisions then became testamentary dispositions so as to entitle us to use testamentary terms in describing them.
According to our analysis, the disposition of this appeal is governed by the law concerning devises and abatement.
In our opinion the devise of the residence to Mrs. Potter's daughter constituted a specific devise while the trust proviso requiring payment to Mrs. Potter's son of an equivalent sum of money was tantamount to a general devise.[1]
By way of definition, "A specific legacy is a gift by will of property which is particularly designated and which is to be satisfied only by the receipt of the particular property described." In re Parker's Estate, 110 So.2d 498, 500 (Fla. 1st DCA 1959).
On the other hand, "A general legacy is one which may be satisfied out of the general assets of the testator's estate instead of from any specific fund, thing or things. It does not consist of a gift of a particular thing or fund or part of the estate distinguished and set apart from others of its kind and subject to precise identification. A general legacy has a prerequisite of designation by quantity or amount. The gift may be either of money or other personal property." Park Lake Presbyterian Church v. Henry's Estate, 106 So.2d 215, 217 (Fla. 2d DCA 1958).
It is our further opinion that general devises abate before specific devises. Redfearn, Wills and Administration in Florida § 12.08 (5th Ed. 1977), explains such abatement.
Abatement is the reduction of a legacy or devise on account of the insufficiency of the estate of a testator to pay all his debts, all the costs of administration, and all the legacies in full. The presumption is that the testator intended that all the legacies provided for in his will would be paid in full and that he contemplated that his estate would be sufficient to meet this requirement, but his good intentions are no protection for his legatees and devisees from the just claims of his creditors or from costs of administration. Under the common law and under the probate laws of Florida, the first assets of the estate to be applied to the payment of debts and costs are those charged by the testator with this particular indebtedness; next, the assets not devised; then the assets found in the residuary clause of the will are applied. If these assets are insufficient, or if there is no residuary clause or undevised estate, then general legacies must abate pro rata to make up the deficiency; if the general legacies are insufficient to meet these requirements, then specific and demonstrative legacies abate in the manner set forth in section 12.07.
*960 See also 80 Am.Jur.2d Wills § 1736 (1975). The above exposition is supported by the provisions of section 733.805, Florida Statutes (1983):
(1) If a testator makes provision by his will, or designates the funds or property to be used, for the payment of debts, estate and inheritance taxes, family allowance, exempt property, elective share charges, expenses of administration, and devises, they shall be paid out of the funds or from the property or proceeds as provided by the will so far as sufficient. If no provision is made or any fund designated, or if it is insufficient, the property of the estate shall be used for such purposes, except as otherwise provided in s.733.817 with respect to estate, inheritance, and other death taxes, and to raise the shares of a pretermitted spouse and children, in the following order:
(a) Property not disposed of by the will.
(b) Property devised to the residuary devisee or devisees.
(c) Property not specifically or demonstratively devised.
(d) Property specifically or demonstratively devised.
(2) Demonstrative devises shall be classed as general devises upon the failure or insufficiency of funds or property out of which payment should be made, to the extent of the insufficiency. Devises to the decedent's surviving spouse, given in satisfaction of, or instead of, the surviving spouse's statutory rights in the estate, shall not abate until other devises of the same class are exhausted. Devises given for a valuable consideration shall abate with other devises of the same class only to the extent of the excess over the amount of value of the consideration until all others of the same class are exhausted. Except as herein provided, devises shall abate equally and ratably and without preference or priority as between real and personal property. When property that has been specifically devised or charged with a devise is sold or taken by the personal representative, other devisees shall contribute according to their respective interests to the devisee whose devise has been sold or taken, and before distribution the court shall determine the amounts of the respective contributions, and they shall be paid or withheld before distribution is made.
We hold that the trust provision in favor of Mrs. Potter's son constituted a general legacy while the will provision in favor of Mrs. Potter's daughter constituted a specific legacy. Thus, under the circumstances, the general legacy abated prior to the specific legacy with the result here being that Mrs. Potter's daughter should receive the Pompano Beach residence.
By reason of the foregoing and upon authority of In re Estate of George, 200 So.2d 256 (Fla. 3d DCA 1967), we reverse the judgment on appeal and remand for further proceedings.
Reversed and Remanded.
DOWNEY and HERSEY, JJ., concur.
NOTES
[1] For our purposes the terms, legacy and devise, are synonymous.