KELLY, Judge.
Mary Ellen McEnderfer appeals an order determining the homestead status of real property. We affirm.
Rachael Duffy Mahaney (the decedent) died testate with no surviving spouse or children. Her will, which was admitted to probate without objection, named only two devisees: Mary Ellen McEnderfer, her grandniece, and John Keefe, her nephew. The entire dispositive plan of the will is set forth in Article III:
All the rest, residue and remainder of my estate and property, real, personal and mixed, of whatsoever nature, where ever situated, of which I may die seized and possessed, and to which I may be or become in any way entitled or have any interest, and over which I may have any power of appointment, I devise as follows:
A. The sum of Thirty Thousand Dollars ($30,000) to my grandniece, MARY ELLEN SHEA McENDERFER, absolutely and in fee.
B. My remaining residual estate to my nephew, JOHN CHRISTOPHER KEEFE, absolutely and in fee.
At her death, the decedent owned a single-family home in her sole name. She owned no other property of value that passed under her will.
Keefe filed a combined Petition for Summary Administration and Petition to Determine Homestead Status of Real Property seeking to have the decedent’s will admitted to probate, to have her home determined to be homestead, and to have the court determine whether the home passed to Keefe as exempt property under the residuary clause of the will. McEn-derfer objected, arguing that in Article III of the will, the decedent expressed her intent to make a gift to McEnderfer in monetary terms, $30,000, and then used that gift as a reference to define the extent of her gift to Keefe, “my remaining residual estate.” McEnderfer argued that the gift to her is a general devise that has priority over the gift to Keefe and therefore it should be funded by the sale of the decedent’s home before Keefe receives anything from the estate. Otherwise, her devise will fail while Keefe’s devise will be satisfied. The court admitted the will to probate and found that the home was homestead property that passed to Keefe free from the claims of creditors pursuant to article, X, section 4, of the Florida Constitution, and therefore it was not available to satisfy the devise to McEnderfer.
Reduced to its essence, the issue in this case is whether the general rules governing the priority of devises in a will take precedence over the protection afforded to homestead property by article X, section 4, of the Florida Constitution. We conclude they do not.
The Florida Constitution provides that homestead property is freely devisable when there is no surviving spouse or minor children. Art. X, § 4(c), Fla. Const. (1968). Homestead property may be devised through the residuary clause of a will, and it maintains its homestead status if it is devised to someone designated as an heir in section 731.201(18), Florida Statutes (2002). Estate of Murphy, 340 So.2d 107 (Fla.1976). Notwithstanding the fact that homestead property may be devised, it does not become part of the probate estate subject to the control of the personal representative unless a testamentary disposition is made to someone other - than an heir. In re Estate of Hamel, 821 So.2d 1276 (Fla. 2d DCA 2002); §§ 733.607(1), .608, Fla. Stat. (2002). Applying these principles to the present ease leads us to the conclusion that the decedent’s homestead was freely devisable, that it passed to Keefe through *237 the residuary clause of the decedent’s will, that title vested in Keefe at the time of the decedent’s death, and that because Keefe was an “heir,” the property maintained its exempt status and never became property of the estate subject to the control of the personal representative.
What complicates this case is the fact that these principles are in competition with the general principles applicable to will drafting and the administration of a decedent’s estate. There are four primary classifications of devises: specific, general, demonstrative, and residuary. Park Lake Presbyterian Church v. Henry’s Estate, 106 So.2d 215 (Fla. 2d DCA 1958). At issue here are the general and residuary classifications. A general devise is one that may be satisfied in cash or in kind out of the general assets of the estate instead of from any specific fund, thing, or things. Id. at 217. A residuary devise is a general devise where all of the other assets of the estate fall after all other devises have been satisfied and all charges, debts, and costs have been paid. Id. If an estate is insufficient to pay all the testator’s debts, all the costs of administration, and all the devises in full, a lower priority devise is subject to abatement to satisfy a higher priority devise. In re Estate of Potter, 469 So.2d 957, 959-60 (Fla. 4th DCA 1985). A residuary devise is a lower priority devise and will abate before a general devise. Id. McEn-derfer argues that these principles should be applied here and that the decedent’s homestead should be used to satisfy the general devise to her of $30,000. To do otherwise, she contends, would ignore the decedent’s intent as evidenced by her stated priorities in the will. We disagree.
Implicit in McEnderfer’s contention is the assumption that in preparing the will, the decedent relied only on the general rules governing the priority of devises. However," this ignores the very, real possibility that the decedent relied on the protection afforded to homestead property when she prepared her will) Moreover, it also ignores the fact that both devises in this case were in the residuary clause, a fact we believe weighs against McEnder-fer’s contention that the decedent intended to favor her.[1] Thus, we reject McEnder-fer’s contention that allowing the principles governing homestead to take precedence necessarily reverses the testator’s intent.
Accordingly, we conclude that the constitutional protection afforded to homestead property takes precedence over the general rules governing the priority of devises. Because homestead property does not become an asset in the hands of the personal representative, it cannot be used by the personal representative in. this case to satisfy the devise to McEnderfer. In so holding, we certify conflict with Warburton v. McKean, 817 So.2d 50 (Fla. 4th DCA 2004). We, also certify the following question to the supreme court as one of great public importance, as did the court in War-burton:
WHERE A DECEDENT IS NOT SURVIVED BY A SPOUSE OR ANY MINOR CHILDREN, DOES DECEDENT’S HOMESTEAD' PROPERTY, WHEN NOT SPECIFICALLY DEVISED, PASS TO GENERAL DEVI-SEES BEFORE RESIDUARY DEVI-SEES IN ACCORDANCE WITH *238 SECTION 733.805, FLORIDA STATUTES?
Affirmed; question certified.
ALTENBERND, C.J., and STRINGER, J., Concur.

. Both devises are residuary devises as both are in the residuary clause of the will. This raises the question of whether the devise to McEnderfer is, in fact, a general devise or whether it is a residuary devise that functions as a "quasi-general” devise for the purpose of abatement. See Murphy's,Will Clauses § 5.03 (2004). The parties have not, however, raised this issue. We therefore need not address it nor does it appear that the answer would make a difference in this case.