921 So.2d 597 (2006)
Mary Ellen McENDERFER, Petitioner,
v.
John C. KEEFE, Respondent.
No. SC05-905.
Supreme Court of Florida.
January 19, 2006.
Cord Christopher Mellor of Mellor and Grissinger, North Port, FL, for Petitioner.
Thomas G. Tripp, Pinellas Park, FL, for Respondent.
QUINCE, J.
We have for review McEnderfer v. Keefe, 903 So.2d 234 (Fla. 2d DCA 2005), which certified conflict with Warburton v. McKean, 877 So.2d 50 (Fla. 4th DCA 2004), quashed, 919 So.2d 3410 (Fla. 2005), and certified the following question, which was also certified in Warburton, as one of great public importance:
WHERE A DECEDENT IS NOT SURVIVED BY A SPOUSE OR ANY MINOR CHILD, DOES DECEDENT'S HOMESTEAD PROPERTY, WHEN NOT SPECIFICALLY DEVISED, PASS TO GENERAL DEVISEES BEFORE RESIDUARY DEVISEES IN ACCORDANCE WITH SECTION 733.805, FLORIDA STATUTES?
We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
This Court recently quashed Warburton and answered the certified question in the negative. We therefore answer the certified question in this case in the negative and hold that where a decedent is not survived by a spouse or minor children, the decedent's homestead property passes to the residuary devisees, not the general devisees, unless there is a specific testamentary disposition ordering the property to be sold and the proceeds made a part of the general estate. See McKean v. Warburton, 919 So.2d 341 (Fla. 2005).
Accordingly, the decision in McEnderfer[1] is approved in light of this Court's decision in Warburton.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, CANTERO, and BELL, JJ., concur.
NOTES
[1] Petitioner raised several issues that were either not directly addressed by the district court in this case or were merely implied or cursory, at best. We decline to address them in light of the controlling precedent of Warburton.