**FIFTH-THIRD UNION TRUST CO., Exr., Appellee, v. WILENSKY, et al., Appellees**

Ohio Appeals, First District, Hamilton County.

No. 6690. Decided December 2, 1946

Conrad Magrish and Jackson & Woodward, Cincinnati, for Appellee, The Fifth-Third Union Trust Co., and other appellees.

Mr. Leonard H. Freiberg, Cincinnati, for Appellants.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a declaratory judgment of the Probate Court of Hamilton County, whereby it was found that the decedent of the plaintiff died intestate except to the extent such plaintiff was appointed executor of such decedent's estate. The plaintiff, after setting out the terms of the will and other pertinent instruments prayed for construction of the will and determination of heirs.

The will provides in part as follows:—"I, Sol Williams, of Cincinnati, Ohio, do hereby publish this as and for my Last Will and Testament:

"First: I direct that all my just debts be paid.

"Second: All the rest, residue and remainder of my estate of which I may die possessed, whether real, personal or mixed, I give, bequeath and devise to The Fifth-Third Union Trust Company, as Trustee under a certain trust agreement entered into on the 10th day of September, 1931."

The third item of the will nominated and appointed the plaintiff, executor of the estate, with full power to act.

This trust agreement was executed with all the statutory formalities required by law to complete a testamentary disposition of the estate.

The will was executed September 11, 1931; the trust agreement, September 10, 1931. The testator died September 15, 1943.

The trust agreement was delivered to the plaintiff and the trust accepted by it.

The trust agreement gives the trustee the widest powers over the estate covered by the trust, reserves a life interest in the income in the settlor, and provides for full power of direction and revocation in the settlor. The agreement provides for specific bequests to charitable institutions, and then certain percentages of the estate to other individuals including relatives

of the decedent. The agreement also contains provisions against alienation of income by beneficiaries. Provision is further made for quarterly accounts to beneficiaries and compensation is also provided for the trustee. Division of the corpus of the estate is postponed until the several beneficiaries reach various ages. The trust agreement constitutes a full testamentary disposition of the estate of the settlor and as said before conforms to all the statutory requirements for testamentary disposition of an estate, even to including the formal clause providing that it is signed by the testator in the presence of the witnesses, who, at his request, and in his presence, and in the presence of each other, signd as witnesses.

At the time this trust agreement was executed the testator-settlor deposited with plaintiff as trustee under this agreement the sum of $500.00. The testator and plaintiff agreed that the original amount so deposited might be increased from time to time, at the option of the settlor. No additional assets were so deposited.

One clause in the trust agreement requires quotation in full:

"(d) I direct that any and all property (including the property constituting the trust estate, in case the trust should for any reason fail) acquired by said The Fifth-Third Union Trust Company under any Will executed by me shall be held, managed and controlled and disposed of by it, as Trustee, under the powers and for all the purposes set forth in this trust, unless and insofar as the terms of the Will otherwise specifically provide. The execution of this instrument by said The Fifth Third Union Trust Company shall constitute its agreement to administer all property so received by it in trust for such purposes."

On August 25, 1934, the testator executed the following so-called "revocation."

"In accordance with the right reserved to me under my Trust Agreement with The Fifth Third Union Trust Company dated September 10, 1931, I, Sol Williams, of Cincinnati, Ohio, do hereby revoke said Agreement in its entirety and acknowledge receipt from said The Fifth Third Union Trust Company of the sum of Five Hundred ($500.00) Dollars being in full settlement of all property held by said The Fifth Third Union

Trust Company under said Agreement.

"Signed in duplicate at Cincinnati, Ohio, this 25th day of August, 1934.

(Signed)

"Signed in the presence of

SOL WILLIAMS.

Clara Marriott

Cincinnati, Ohio, August 27, 1934.

"The Fifth Third Union Trust Company hereby consents to the foregoing revocation.

THE FIFTH THIRD UNION TRUST COMPANY,

By A. J. BICK,

Assistant Trust Officer."

It is to be noticed that this document is **not** executed with testamentary formality—and, therefore, does not have the effect of a duly and legally executed codicil of a will.

It is the claim of the plaintiff (and was the conclusion of the trial court) that this last instrument not only revoked the trust and withdrew administration of the trust from plaintiff during the life of the plaintiff, but rendered the clause in the will incorporating by reference the trust agreement, completely ineffective, resulting in intestacy of the decedent except for the sole purpose of appointing an executor, and the more or less unnecessary clause providing for payment of debts.

The earnest vigor with which the executor under the will urges the intestacy of its decedent is somewhat confusing, when the obligations of an executor are considered.

It seems clear when all these circumstances are considered that the decedent had in mind possibly three ways of disposing of his estate, all perfectly legal.

He might have, according to his agreement physically incorporated his entire estate in the corpus of the trust placed in the possession of the trustee. Realizing the completeness of the trust disposition, he might have (as he did do) adopted that instrument fully and legally executed as a will and as his testamentary disposition of his entire estate, incorporating it by reference in his will.

He might have used it in this manner and still have used the reference clause in the will to dispose of any property which he might have overlooked or failed to include in the trust.

General rules of testamentary construction are frail aides to final determination of the problems presented by conflicts of opinion as to the effect of testamentary instruments.-

One rule, however, does seem to have continued merit and should be one of the guiding stars of all those called upon to interpret what the dead have written.

In **41 O. Jur., pages 646 and 647,** it is stated:

"It is a settled rule of construction that a testator is never presumed to intend to die intestate as to any part of his estate to which his attention seems to have been directed. A court will put such a construction upon equivocal words as to prevent such a result, and particularly is this the case where there is language used in a will which seems to refer to the residue."

See, also: **Fitzgerald v. Bell, 34 Abs., 631; Anderson v. Gibson 116 Oh St, 684, 691.**

It is to be noted that the testator failed to make any change in the will for twelve years, and this in view of the so-called "revocation" of the trust agreement. It must be supposed, therefore, in order to sustain the contention of the executor, plaintiff, and the trial court, that he left a will for the sole purpose of appointing an executor, dying intestate as to his entire estate, although he had taken the greatest pains to minutely distribute his estate among many beneficiaries in the trust agreement to which he specifically and definitely referred in his will.

It is true that the trust agreement as it affected a living trust was revoked, that the custody of the plaintiff, trustee over the meager $500 was removed, but not by a formal testamentary revocation having the effect of a codicil.

Is the testator to be deprived of the complete testamentary disposition which he had so painstakingly made in the trust agreement merely because he saw fit to remove the $500.00 from the trustee and determine the living trust features? No basis in logic or rules of construction requires such a result.

A deed, a contract, or any other instrument may be incorporated in a will by reference, and its terms employed as testamentary clauses, although such instrument may have lost its force as to the peculiar original purpose of the document.

The statutory rules of incorporation were substantially met. **Sec. 10,504-4 GC.**

The Probate Court found that when the plaintiff executor filed its petition with the trust agreement attached in the Probate Court, that the requirements of the statute as to filing were met.

,From all the circumstances surrounding this matter, and the language of the will, it appears that the obvious intent of the testator was to employ the testamentary disposition contained in the trust agreement as the terms of his will, as fully and completely as if incorporated ·therein verbatim.

An additional consideration requires the same conclusion.

The trust agreement was executed with full testamentary formality—in all respects complying with the requirements of the statutes as to the execution of wills. The so-called revocation did not attain this dignity and was, therefore, ineffective to nullify or revoke such testamentary disposition, although effective to revoke the instrument as a provision ·for a living trust. See, **The Central Trust Co. v. Watt, et al., 139 Oh St, 50, 60.**

The will is not inconsistent with the trust agreement. It adopts it.

Whether the trust agreement be accepted as a testamentary disposition through reference, or as an independent testamentary instrument, the same result is obtained and the decedent dies testate and not intestate as urged by the plaintiff-executor-appellee.

The petition of the executor also prayed for a determination of heirs. Such prayer was predicated upon the basis that an intestate disposition of the estate would occur. Under the will as now construed, no such result is involved and there appears no reason for such determination.

For these reasons, the judgment of the Probate Court is reversed, and a judgment may be presented, · reversing the judgment of the Probate Court, and declaring a construction of the will in conformity to this opinion, and finding also that there is no occasion for a determination of heirs.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion and judgment.