446 So.2d 1128 (1984)
In re the ESTATE OF Myer G. BAER, Deceased.
Nos. 83-64, 83-180.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
Rehearing Denied April 3, 1984.
Edna L. Caruso, West Palm Beach, and Martin F. Avery, Jr., Fort Lauderdale, for appellant, Melvin Cherwin.
Sheldon H. Hoffman, Hollywood, for appellees, Charlotte Baer and Frances Sterns.
Minervino Rodriguez, Jr., of Mills & Rodriguez, P.A., Miami, for appellee, Victor Baer.
GLICKSTEIN, Judge.
Here we have a testator who excluded most of his siblings in two successive wills. Because the able trial court concluded that the circumstances of this case compelled application of the laws of intestacy, those siblings will, if the decision stands, receive the bulk of his testamentary estate. The trial court saw that the result might be unjust, but concluded there was no legitimate way to avoid it. We believe there is.
We are concerned only with the second of the two wills, which was executed in 1980. The 1980 will was admitted to probate; but the testator's brother (who had been left $1.00 by the 1974 will and nothing by the present one), joined by two sisters, petitioned to revoke the will on the ground that the revocable pour-over trust incorporated by reference in the will, and to which the testator's estate was to fall, had been entirely revoked. The trial judge agreed that the trust had been revoked; and we believe that while there is room for disagreement, there is enough evidence not to disturb this finding.
But the law abhors intestacy. We believe that if the testator in this case had *1129 been told that his act of revocation of the trust was going to occasion intestacy and make all his siblings his heirs in equal shares, he would have undertaken immediately to remedy that anomalous situation, so antithetical to his expressed testamentary wishes.
Accordingly, we conclude that the testator had set up a testamentary plan in the will by the use of both instruments  the will and the revocable pour-over trust. The instruments had been drawn when he was thought to be at death's door. The testator revoked the inter vivos trust when he felt well enough to manage his own affairs. Surely he did not intend to leave a will that did nothing but designate a personal representative. All of the circumstances surrounding the revocation of the trust point to incorporation of its dispositive provisions into the will by reference, notwithstanding the loss of force of the trust instrument standing alone. In Fifth Third Union Trust Company v. Wilensky, 79 Ohio App. 73, 70 N.E.2d 920 (1946), the court said:
Is the testator to be deprived of the complete testamentary disposition which he had so painstakingly made in the trust agreement merely because he saw fit to remove the $500 from the trustee and determine the living trust features? No basis in logic or rules of construction require such a result.
A deed, a contract, or any other instrument may be incorporated in a will by reference, and its terms employed as testamentary clauses, although such instrument may have lost its force as to the peculiar original purpose of the document.
Id. at 78-79, 70 N.E.2d at 922.
Section 732.512(1), Florida Statutes (1981), provides:
A writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit its identification.
Here, we hold the terms of the trust were incorporated in the will by reference as an integral part of the will; and that, in the absence of evidence that the testator clearly manifested a contrary intention, they continued to set forth the testator's distribution plan even though the former had lost its independent legal significance.
We reverse those portions of the trial court's order which by implication hold that the pour-over trust's distribution scheme was no longer incorporated in the testator's will when the trust was revoked, but is superseded by the laws of intestacy. The case is remanded so that the trial court may issue an order consonant with this opinion.
HURLEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.