502 So.2d 454 (1986)
David FLINN, Personal Representative and Lucy V. Flinn and David Flinn, Appellants,
v.
S. Grant VAN DEVERE, Appellee.
Nos. 86-64, 86-86.
District Court of Appeal of Florida, Third District.
December 23, 1986.
Rehearing Denied March 10, 1987.
Joseph Z. Fleming, Miami, for appellant David Flinn, personal representative. Holland & Knight, Miami, and Julian Clarkson, Tallahassee, and Thomas G. Schultz and Scott B. Newman, Miami, for appellants Lucy V. Flinn and David Flinn.
Patton & Kanner and Robert W. Stewart and Cromwell A. Anderson, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The trial court determined that realty owned by Ms. Van Devere was not validly transferred to a trust she established during her lifetime and thus remained an estate asset and that the property passed under the residuary clause of her will rather than the trust. We affirm.

*455 I
Ms. Van Devere's execution of a form instrument creating a standard inter vivos "living trust" of property owned by her and listed in an accompanying schedule was ineffective with respect to the real estate described because the settlor did not, as is required, also execute a deed which conveyed the realty to the trustees. See Kuck v. Sommers, 100 N.E.2d 68, 75 (Ohio App. 1950); G. Bogert, The Law of Trusts and Trustees § 142, at 11 (1979) ("In the case of interests in land, under a living trust a deed will be required... ."); R. McCaughan, Florida Will and Trust Drafting § 8.78, at 367 (1981) ("The trust instrument and the attached Schedule A do not constitute a conveyance. It will be necessary for securities to be assigned to trustees and for land to be conveyed to trustees by deed, or given to trustees by will."); D. Remsen, The Preparation of Wills and Trusts § 8, at 257 (1930) ("The trustee should be given a legal title to trust property. If it is not given in terms or cannot be implied, there can be no express trust."); see also Restatement (Second) of Trusts § 17(b) (1959).
The trust documents themselves plainly cannot be regarded as such a deed, see R. McCaughan, supra, for the obvious reason that, although they comply with the necessary formalities of two witnesses and an adequate legal description, they contain no expression which purports to convey, grant or transfer the real estate. Sanders v. Ransom, 37 Fla. 457, 20 So. 530 (1896). As was said in Pope v. Burgess, 230 N.C. 323, 53 S.E.2d 159, 160 (1949):
Our courts have gone very far to sustain informal and nontechnical instruments purporting to convey interests in real estate, either present, contingent, or future. But our research does not disclose any instrument where a simple expression of the intention to do so will supply the absence of words implying conveyance. It is true that technical operating words of conveyance are not necessary, but ordinary words, or words in common parlance or language of a similar import must be used.
Accord Bercot v. Velkoff, 111 Ind. App. 323, 41 N.E.2d 686, 689 (1942) ("A deed must contain words of grant, release, or transfer, showing intent to actually transfer grantor's interest in order to pass title and be valid."); see 23 Am.Jur.2d Deeds § 19, 21 (1983); § 689.02, Fla. Stat. (1983) (providing for statutory form of deed including words "granted," "bargained" and "sold"); see generally 19 Fla.Jur.2d Deeds §§ 1, 3, 5 (1980). The statement that the described property is, by the trust document, "delivered" to the trustees, the only word which it is even argued may bear this meaning, does not. It has been specifically held, and we think correctly, that "deliver" is not a dispositive term. Slocum v. Hevelone, 196 Neb. 482, 243 N.W.2d 773 (1976).

II
The only reference in the simultaneously executed will to the trust is the direction that the personal representative make demand upon the trustees for the trust's share of any estate taxes.[1] Contrary to the claim of the trust beneficiaries, this is clearly insufficient to manifest an intention to incorporate the provisions of the trust for the disposition of the assets after the settlor's death into the will, so as to render them, in effect, testamentary in nature. See § 732.512(1), Fla. Stat. (1983). The applicable rule is that:
Considerable caution must be exercised in applying the doctrine of incorporation by reference. The reference in the will must show an intention on the part of the testator to incorporate or adopt the document referred to. The intention of the testator to incorporate into a will a paper *456 or document must clearly appear from the will, a mere reference thereto without evidence of such intention being insufficient.

94 C.J.S. Wills § 163, at 954-55 (1956) (footnotes omitted) [emphasis supplied]; accord Hunt ex rel. City of Streator v. Evans, 134 Ill. 496, 25 N.E. 579 (1890) (mere reference in will to trust without manifestation of intention to incorporate insufficient); 2 Page on the Law of Wills §§ 19.18, 19.30 (W. Bowe & D. Parker rev. ed. 1960); 79 Am.Jur.2d Wills § 209 (1975); Annot., Reference in Will to Extrinsic Trust Instrument for Terms of Trust Created or Enlarged by Will, 80 A.L.R. 103 (1932); cf. In re Estate of Potter, 469 So.2d 957 (Fla. 4th DCA 1985) (interdependent dispository terms of will and trust held incorporated into each other).

III
We have no doubt that, as the appellants suggest, these holdings result in the disposition of her property contrary to Ms. Van Devere's actual desires and intentions. Nevertheless, in the areas with which this case is concerned  the conveyance of real estate and the disposition of property by will  the law, for very good reasons, mandates that no supposed intent may be given effect unless expressed in objectively sufficient ways. Because that was not accomplished,[2] we have no choice but to reach the present determination.
Affirmed.
NOTES
[1] The will directed the personal representative to make demand upon the Trustees of the RAYMUR G. VAN DEVERE Revocable Trust, created by me in May, 1983, for such Trust's attributable share (determined as provided in the Agreement creating such Trust) of death taxes.
[2] We observe that the attorneys who drew the instruments for the decedent are not those who presently represent the appellants.