528 So.2d 1316 (1988)
In re ESTATE OF Delma Aeh BLACK.
Robert F. BLACK, As Personal Representative, Appellant,
v.
Ronnie David EATON, Appellee.
No. 88-751.
District Court of Appeal of Florida, Second District.
August 3, 1988.
*1317 Bryan A. Kutchins of Kutchins, Bishop, Spina & Schultz, Oldsmar, for appellant.
C.A. Sullivan of McFarland, Gould & Lyons, P.A., Clearwater, for appellee.
SCHEB, Judge.
Appellant Black challenges the trial court's nonfinal order that it had jurisdiction over him in his capacities as personal representative of his deceased wife's estate, as trustee of their inter vivos trust, and as spouse in regard to an annulment suit. We have jurisdiction under Rule 9.130(a)(3)(C)(i). We affirm the trial court's determination of personal jurisdiction over Black as personal representative, but reverse its determination of jurisdiction over him as trustee and as spouse.
Appellee Eaton, the deceased's nephew, filed suit against Black contesting the will which disinherited him and seeking to invalidate the inter vivos trust into which the estate assets were to pour. Furthermore, Eaton sought to annul Black's marriage to the deceased. In attempting service on Black, Eaton used the "formal notice" method permitted in probate actions by section 731.301(1)(a), Florida Statutes (1987), and Florida Rule of Probate and Guardianship Procedure 5.040(a). We believe that jurisdiction was properly established over Black as personal representative by Eaton's original service on him on April 27, 1987.
Black is correct, however, in arguing that the circuit court did not acquire jurisdiction over him in his capacities as trustee of the inter vivos trust and as spouse in the annulment proceeding. Eaton attempted to use the probate rules' formal notice procedure to gain jurisdiction over Black in these capacities. Section 737.205, Florida Statutes (1987), provides that trust proceedings are controlled by the Rules of Civil Procedure. We note that the intervivos trust exists apart from the decedent's estate, but it appears to have been funded already by some estate assets which augmented its date of death assets. We think the service on Black as personal representative is sufficient to establish jurisdiction over any assets that he as personal representative transferred into the trust after his wife's death. Nevertheless it is insufficient to establish jurisdiction over him insofar as the assets in the trust at her death.
*1318 Likewise, annulment proceedings are governed by the Rules of Civil Procedure. Therefore, an attempt to gain jurisdiction over Black in respect to that matter through use of the probate rules' formal notice was also ineffective.
Affirmed in part; reversed in part.
CAMPBELL, C.J., and LEHAN, J., concur.