687 So.2d 903 (1997)
Eugene MARTIN and Larry Martin, Appellants,
v.
Jean MARTIN, Appellee.
No. 95-1801.
District Court of Appeal of Florida, Fourth District.
January 29, 1997.
Clarification and Rehearing Denied February 27, 1997.
*904 George Elias, Jr. of the Law Offices of George Elias, Jr., Miami, for appellants.
William J. Palmer and David Lawrence, III of Adorno & Zeder, P.A., Miami, for appellee.
KLEIN, Judge.
Appellants are the sons of the decedent and appellee was the decedent's second wife. The sons brought this suit against the widow, alleging that she tortiously interfered with their inheritance rights, causing the decedent to reduce, over time, the amount they would inherit from him. The trial court entered a summary judgment against the sons, concluding that their failure to contest the will in probate precludes this suit. We reverse.
The decedent and appellee, when they married in 1969, signed a prenuptial agreement limiting appellee's inheritance to $50,000. That agreement was revoked in 1982, when the decedent executed a pour-over will and revocable inter vivos trust. Under that estate plan the appellee received a substantial portion of the decedent's estate, and the sons each received 25%. Decedent amended the trust in 1983, and executed a new and final pour-over will in August 1989. That will also poured over into the 1982 trust, which decedent again amended in August 1989.
Although the 1989 will remained in effect until his death, the decedent executed a third amendment to the trust in January 1990 and a "restated and amended revocable trust agreement" in May 1991. Decedent passed away in September 1991 leaving an estate worth approximately $8 million, over 95% of which was in the trust. Under the will and trust in effect at decedent's death, one son received 20% of his estate and the other the income on 10% which remained in trust.
When decedent's 1989 will was submitted for probate, the sons initiated a challenge to that will, but dropped it, and the estate was probated pursuant to that will. They filed this suit, however, against decedent's widow, in 1993, alleging that she had tortiously interfered, by fraudulently and maliciously alienating their father from them, which caused him to reduce what they would inherit. Included in their allegations was the fact that their father had become ill with cancer prior to executing the 1989 will and trust, and was thus more susceptible to their stepmother's improper influence.
The trial court concluded that the sons' claims for tortious interference were barred because they had not been pursued in the probate proceeding, citing DeWitt v. Duce, 408 So.2d 216 (Fla.1981). In DeWitt, a case of first impression, the Florida supreme court held that a claim for tortiously interfering with an inheritance by wrongfully procuring a will must be pursued in the "probate proceedings," if plaintiff has an adequate remedy in probate. In DeWitt, the plaintiffs did not challenge the will in the probate proceedings, but subsequently filed suit for tortious interference in regard to the will. Their allegations of tortious interference consisted of undue influence in procuring a new will when the testator lacked testamentary capacity.
After reviewing cases from other jurisdictions, the court concluded the attack on the will was barred:
Applying the general principles we have reviewed to the case at hand, one can readily see that appellants had an adequate *905 remedy in the probate proceedings. The record reveals that the prior will which is favorable to appellants is extant. If this earlier will were the true testamentary embodiment of the testator's intent, appellants should simply have offered this will while attacking the later will on grounds of undue influence and lack of testamentary capacity. If they had succeeded in this challenge and established this earlier will, the probate court could have given them everything to which they claim entitlement. (citation, footnote omitted).
DeWitt at 220.
Appellants argue that this case is distinguishable from DeWitt because in the present case they did not have an adequate remedy in the probate proceedings. Their position finds some support in Davison v. Feuerherd, 391 So.2d 799 (Fla. 2d DCA 1980), which was discussed in DeWitt.
In Davison plaintiff's complaint for tortious interference with a bequest through a revocable trust was dismissed for failure to state a cause of action. The plaintiff had not raised the tortious interference claim with the trust in the probate proceedings, although plaintiff had contested the will on lack of testamentary capacity. The second district concluded that tortious interference with an expected gift or bequest was a recognized cause of action, and further concluded that the plaintiffs were not precluded, by virtue of the position they took in the probate proceedings, from bringing the later action.
When our supreme court decided DeWitt, it distinguished Davison:
In applying the general rule to Florida cases in this area, a certain consistency may be observed. Cases which allow the action for tortious interference with a testamentary expectancy are predicated on the inadequacy of probate remedies, although this is not articulated. Hence Davison v. Feuerherd, 391 So.2d 799 (Fla. 2d DCA 1980), involved interference with expectancies from a revocable trust a matter apparently outside of probate jurisdiction.
DeWitt, 408 So.2d at 219.
The probate statute involved in DeWitt, section 733.103(2), Fla. Statutes (1977), which still exists in that form, provided:
In any collateral action or proceeding relating to devised property, the probate of a will in Florida shall be conclusive of its due execution; that it was executed by a competent testator, free of fraud, duress, mistake, and undue influence; and of the fact that the will was unrevoked on the testator's death.
The trial court in DeWitt concluded that the above statute prohibited plaintiffs' wrongful interference action because it would have been "relitigating issues of undue influence and testamentary capacity." DeWitt at 218. In concluding that the trial court was correct, the supreme court characterized section 733.103(2) as "little more than the codification of the common-law rule against collateral attack and is predicated on principles of res judicata and collateral estoppel ..." DeWitt at 221. As we said earlier, the court concluded in DeWitt that the plaintiffs could have obtained all of the relief they were seeking, by attacking the will in probate court, on grounds of undue influence and lack of testamentary capacity, and were thus barred from bringing their tortious interference action.
Whether the sons can proceed with their tortious interference claim in the present case, accordingly, depends on whether they could have obtained that relief by attacking the will during probate. In the present case the relief the sons seek is damages in an amount equal to the value of the assets which, but for the widow's improper conduct from 1982 through the amended trust executed in May 1991, they would have received from their father's estate.
Although the widow recognizes that this case is distinguishable from DeWitt, in that the tortious interference suit in DeWitt involved the validity of a will, and the present case involves a trust, she argues that the DeWitt rule also applies where there is a trust, citing Sun Bank/Miami, N.A. v. Hogarth, 536 So.2d 263 (Fla. 3d DCA 1988), rev. denied, 545 So.2d 1369 (Fla.1989).
In Hogarth the trial court revoked probate of a pour-over will and a trust, which were *906 both executed on the same date, on the ground of undue influence. Although the primary argument advanced on appeal was that there was no undue influence, the appellant also argued that the probate court lacked jurisdiction over the revocable inter vivos trust. The third district affirmed, finding that the trust was incorporated in the will, and that the probate court, therefore, had jurisdiction to determine the validity of the trust under section 732.512(1), Florida Statutes (1987), which authorizes a will to incorporate another document by reference if the language of the will "manifests this intent."
The widow urges that the inter vivos trust was incorporated by reference in the will in the present case, and therefore, under the reasoning of Hogarth, the sons could have obtained relief in the probate court. We do not agree. First, Hogarth is distinguishable on the facts because the will and trust were executed on the same date, and the trial court revoked them as a result of undue influence, having found that the testator had been suffering from advanced organic brain syndrome and Alzheimer's disease. Thus in Hogarth the validity of the will and trust depended on the same facts. In the present case the last will was executed in August 1989 and the final trust in May 1991. A finding that the decedent was susceptible to undue influence on one of the dates would not have been conclusive as to his state of mind on the other date. He was ill with cancer and the trust was executed only 4 months prior to his death while the will was executed 2 years prior to his death.
Although we agree that affirmance was proper in Hogarth, we would not necessarily have done so on the rationale of the third district, which was that the probate court had jurisdiction because the trust was incorporated by reference into the will. If the third district meant that all revocable inter vivos trusts are incorporated by reference into the wills which pour over, we would disagree. The same court previously required more than a reference to another document for incorporation by reference. As it said in Flinn v. Van Devere, 502 So.2d 454, 455-56 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 998 (Fla.1987):
Considerable caution must be exercised in applying the doctrine of incorporation by reference. The reference in the will must show an intention on the part of the testator to incorporate or adopt the document referred to. The intention of the testator to incorporate into a will a paper or document must clearly appear from the will, a mere reference thereto without evidence of such intention being insufficient. 94 C.J.S. Wills § 163, at 954-55 (1956) (footnotes omitted) [emphasis supplied].
We agree with the Flinn explanation of incorporation by reference. It is consistent with our decision in In re Estate of Katz, 528 So.2d 422 (Fla. 4th DCA 1988), in which the decedent had executed a pour-over will and revocable living trust, but 26 days before his death amended the trust to make large charitable bequests, which he had not made earlier. His daughters attacked the charitable bequests in the trust under Florida's mortmain statute.[1] The problem with the daughters' position was that the mortmain statute referred to wills, and not trusts. We concluded that the mortmain statute did not apply to trusts, and that the only way it could have applied in Katz was if the trust had been a testamentary disposition incorporated by reference in the will, which it was not. Katz at 427.[2]See also Kantner v. Boutin, *907 624 So.2d 779 (Fla. 4th DCA 1993) (A mere reference to another document is not sufficient to incorporate by reference.)
The will in the present case made two references to the trust, one of which was that the residuary of the estate poured over into the trust, and the other providing that estate taxes would be paid from the assets contained in the trust.[3] We conclude that these two references were not sufficient to incorporate the trust into the will by reference, so as to estop the sons from bringing this cause of action. We do agree, however, that having failed to challenge either of the wills in probate, the sons cannot attack them in this action. They will be limited to establishing their claim based on the trust documents.
As we said earlier, while we question the reasoning of the third district in affirming in Hogarth, we do agree with the result. Because the probate court is a division of the circuit court, the judge who was presiding over the administration of the estate in Hogarth did have general jurisdiction to determine the validity of the trust. We cannot tell from the Hogarth opinion whether there were separate actions attacking the trust and the will which were consolidated and tried together. We know of no reason why a will contest pending in the probate division of the circuit court and an action involving the validity of a trust pending in the civil division of the circuit court cannot be consolidated under appropriate circumstances, such as where, as in Hogarth, the factual issues are the same.
In DeWitt, on which this summary judgment was grounded, our supreme court concluded that the claims were barred because the claimants had "an adequate remedy in the probate proceedings." Id. at 220. In DeWitt, if the claimants had succeeded in attacking the will on the same theory they were bringing their tortious interference claim, undue influence and lack of testamentary capacity, the "probate court could have given them everything to which they claim entitlement." DeWitt at 220. What the supreme court said in regard to the claims in DeWitt clearly cannot be said for the claims involved in this case.
The assets contained in an inter vivos trust, into which the will pours over, are not part of the probate estate and are not subject to administration. Friedberg v. Sunbank/ Miami, N.A., 648 So.2d 204 (Fla. 3d DCA 1994), and cases cited therein. In the present case, although the entire estate was worth $8 million, over 95% of that amount had been placed in the trust prior to decedent's death. Accordingly, even if the sons had successfully attacked the will, that would have changed the disposition of only about $300,000. DeWitt is thus distinguishable.
There are simply too many distinctions, both procedural[4] and substantive, between *908 wills and trusts, for the reasoning of DeWitt, and the purpose of section 733.103(2), as it was articulated in DeWitt, to preclude the claims brought in this case. We thus reverse the order determining that the sons in the present case are barred from litigating their tortious interference case in so far as it precludes them from challenging the trusts.
FARMER and GROSS, JJ., concur.
NOTES
[1] Mortmain statutes allow the voiding of deathbed charitable bequests, under certain circumstances, on the ground that testators who know they are dying may be peculiarly susceptible to influence. Our statute, section 732.803, Florida Statutes, was held unconstitutional in Shriners Hospitals for Crippled Children v. Zrillic, 563 So.2d 64 (Fla.1990).
[2] In re Estate of Potter, 469 So.2d 957 (Fla. 4th DCA 1985), in which we found the trust to be incorporated by reference into the will so that they should be construed together in determining the testator's intent, is distinguishable. In that case there was more of a relationship between the trust and the will in that they each contained dispositions of the testator's property which were dependent on each other, but there were insufficient assets to carry them out. In Estate of Baer, 446 So.2d 1128 (Fla. 4th DCA), rev. denied, 456 So.2d 1181 (Fla.1984), we held that a pour-over trust was incorporated by reference into the will, but the opinion does not reflect what language the will used in reference to the trust. We concluded, based on the facts, that there had been incorporation of the "dispositive provisions" of the trust into the will by reference.
[3] The will provided in Article IV:

I direct that all estate, inheritance and other death taxes of any nature, together with any interest and penalties that may be payable upon or with respect to all property required to be included in my gross estate, or taxable to any person receiving it under the provisions of any present or future domestic or foreign laws, regardless of whether that property passes under or outside of the Will or a Codicil to it, or whether those taxes are payable by estate or by any recipient or beneficiary of any such property, shall be paid, by my Personal Representative and the Trustee under that certain Trust Agreement referred to in this Will, out of the corpus of the Trust Estate held under that Trust Agreement, with no right of reimbursement from any recipient or beneficiary of any such property or any temporary or remainder interest.
The will provided in Article V:
The residue of my estate, I give, devise and bequeath to my then acting Trustee under that certain Trust Agreement dated the 21st day of July, 1982, (as may be amended from time to time) executed by me, prior to the execution of this Last Will and Testament. Said devise and bequest shall be added to the principal of the aforesaid Trust, to be held and distributed as though an original part thereof.
[4] The probate of wills and administration of estates are governed by chapters 731-735, Florida Statutes. Trusts are governed by chapter 737. Wills are administered under our probate rules, rule 5.010, while trusts are administered under our rules of civil procedure, section 737.205, Florida Statutes. Notice which is sufficient in probate to serve the personal representative is insufficient to serve the same person as trustee of the inter vivos trust. In re Estate of Black, 528 So.2d 1316 (Fla. 2d DCA 1988). The notice of administration of the estate, which starts the time period for challenging a will, need not be served on the beneficiaries of the trusts into which the will pours over. Section 733.212(3). Finally, wills, unlike trusts, must be challenged within several months after the testator's death. Section 733.212.