847 So.2d 1137 (2003)
Janet COHEN, Appellant,
v.
Philip COHEN, Appellee.
No. 4D02-3055.
District Court of Appeal of Florida, Fourth District.
June 25, 2003.
James A. Horland, Miami, for appellant.
Stephanie R. Dupont of Mark Perlman, P.A., Hallandale Beach, for appellee.
KLEIN, J.
The issue presented by this appeal is whether appellant can bring a separate action for intentional interference with an expectancy under a 1997 will, without seeking to invalidate a later will. We conclude she cannot and affirm.
Decedent, Ida Cohen, was the mother of Philip, the appellee, and the mother-in-law of Janet, the appellant. Ida executed a will in 1997 leaving Janet one-third of the net proceeds from the sale of a building she owned. In October 2000, Ida executed a power of attorney authorizing Philip to sell the building, and in December 2000, Ida revoked the 1997 will by executing a new will which made no reference to the building and left Janet $50,000. Philip and his sister Helen were residuary beneficiaries under the 2000 will.
Using the power of attorney Philip sold the building in January 2001. Four days *1138 later, Ida, who had been ill, died, and the 2000 will was submitted for probate.
Janet initially filed a petition to challenge the 2000 will, but then withdrew the petition and that will was admitted to probate. Janet then filed this action alleging that Philip unduly influenced Ida to execute the power of attorney and that he sold the building and pocketed the proceeds. Her theory of recovery is wrongful interference with a testamentary expectancy, which is a recognized cause of action. DeWitt v. Duce, 408 So.2d 216 (Fla.1981). Specifically, Janet claims that Philip wrongfully interfered with her inheriting her share of the proceeds from the sale of the building under the 1997 will.
Janet maintains that she can bring this action without seeking to revoke the 2000 will because obtaining a revocation of the 2000 will would be futile. She reasons that because Philip pocketed the money from the sale of the building, the money would not be in the estate to be distributed to her. She relies on Martin v. Martin, 687 So.2d 903 (Fla. 4th DCA 1997), in which this court held that a claim for tortious interference with inheritance rights could be brought against a widow without seeking to invalidate the decedent's last will. Martin, however, is distinguishable in that in Martin the claim was that the widow had unduly influenced her husband as to a trust executed in 1991. The last will had been executed in 1989, and we held that under those circumstances it was unnecessary for the claimant to challenge the will. In Martin it was not the will, but rather the later trust, that allegedly interfered with the inheritance.
The only expectancy Janet seeks in this case is a share of the proceeds of the sale of the building under the 1997 will. Because the 2000 will has been admitted to probate, and the 1997 will has been revoked by the 2000 will, Janet has no expectancy under the 1997 will. We accordingly affirm the dismissal for failure to state a cause of action.
FARMER and SHAHOOD, JJ., concur.