963 So.2d 915 (2007)
Irene VAUGHAN, Brett Boerckel and Robert Boerckel, Appellants,
v.
Mary BOERCKEL, individually, as personal representative of the Estate of Eldert W. Boerckel, deceased, and as successor trustee under the Eldert W. Boerckel Irrevocable Trust dated August 18, 1993 as Amended and Restated on July 6, 2000, Appellee.
No. 4D06-1127.
District Court of Appeal of Florida, Fourth District.
August 29, 2007.
Rehearing Denied October 5, 2007.
Arthur J. Morburger, Miami, and Carl M. Collier, Lake Worth, for appellants.
Theodore S. Kypreos and H. Michael Easley of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee.
PER CURIAM.
The appellants, Irene Vaughan, Brett Boerckel, and Robert Boerckel appeal from a final summary judgment entered in favor of the appellee, Mary Boerckel, the personal representative and successor trustee of the Estate of Eldert W. Boerckel (Decedent). We affirm because the subject real property did not become a part of the corpus of the trust through the pour-over *916 provision of the Decedent's will due to the Decedent's failure to execute the appropriate deeds.
Decedent died a resident of Palm Beach County, Florida, on May 28, 2003. He was survived by his second wife, appellee Mary Boerckel, his children, appellants Robert Boerckel and Irene Vaughan, and several grandchildren, including appellant Brett Boerckel. On July 6, 2000, approximately three years prior to his death, Decedent executed an "Amendment Dated July 6, 2000 Amending and Restating The Declaration of Trust of Eldert W. Boerckel Dated August 18, 1999" (Trust). Decedent likewise executed his Last Will and Testament (Will) on July 6, 2000. Decedent's Will was admitted for Probate Administration in Palm Beach County on June 23, 2003. Pursuant to Article I of the Will, Mrs. Boerckel was appointed Personal Representative of Decedent's Estate, and his grandchild, appellant Brett Boerckel, was appointed as the alternate Personal Representative. Mrs. Boerckel also serves as Successor Trustee of the Trust and Brett Boerckel as an alternate Successor Trustee.
Decedent's Will is a "pour-over" will, which, pursuant to its terms, devises the residue of his estate to the Trust. The pour-over provision reads:
V. I GIVE, DEVISE AND BEQUEATH all of the rest, residue and remainder of my estate, including property which I may have the power to dispose of at my decease, to that person or those persons, including any corporation, that at the time of my death are serving as Trustee or Trustees under that instrument of Trust executed by me as Settlor and Trustee, prior to the execution of this, my LAST WILL AND TESTAMENT, and entitled THE ELDERT W. BOERCKEL TRUST dated August 18, 1993 as the same may have been amended. This gift, devise and bequest is to be added to the property then held in that Trust and shall become part of the corpus thereof. It is to be held in accordance with the terms and conditions of that Trust as now written and as hereafter amended, and to that end, I direct that this gift, devise, and bequest to the [sic] be interpreted by reference to that Trust instrument. If for any reason that Trust is not in force at the time of my death, or if this gift, devise and bequest to the then Trustee or Trustees of that Trust is held invalid, then I direct that this gift, devise and bequest shall be held and managed in exactly the manner described in that instrument of Trust now in existence or as amended by me prior to my death, and by the same Trustee or Trustees, and for that purpose only, I hereby incorporate that instrument of Trust, as it now stands, by reference into this, my LAST WILL AND TESTAMENT.
It is undisputed that at the time of his death, Decedent owned 100% of the corporate stock of the Eloise Management Corporation, Inc., a New York Corporation (Eloise) and was its sole officer. At the time of the execution of the Trust and Will and also at the time of the Decedent's death, Eloise's primary assets were five real properties located in New York State (Properties). The Trust directs the distribution of the Properties as follows:
7.3. Upon my death, the Trustee shall distribute the then Trust Estate as follows:
a) I or the ELOISE MANAGEMENT CORPORATION, INC., a New York corporation wholly owned by me, are the *917 owners of certain real property situated in the State of New York, as follows:
(i) 1430 Omega Street, Elmont, New York;
(ii) 1422 Omega Street, Elmont, New York;
(iii) 217 Franklin Avenue, Franklin Square, New York;
(iv) 205 Franklin Avenue, Franklin Square, New York;
(v) 20 Ronald Avenue, Hicksville, New York.
b) Upon my death, I direct that my Trustees distribute to my wife, MARY INTERLANDI, to have sole use and possessions during her lifetime, the real property situated at 1422 Omega Street, Elmont, New York, together with the furniture and furnishings therein contained. Upon her death or upon my death if she shall predecease me, said real property and contents shall be distributed to my grandson, BRETT BOERCKEL, outright and free of trust.
c) Upon my death, I direct that my Trustees distribute the real property situated at 1430 Omega Street, Elmont, New York, together with the furniture and furnishings therein contained, to my daughter, IRENE VAUGHAN, outright and free of trust. If IRENE VAUGHAN shall predecease me, then said real property shall be distributed to my grandson, CRAIG FIELDING.
d) Upon my death, the Trustees shall distribute the real property at 20 Ronald Avenue, Hicksville, New York, together with the furniture and the furnishings therein to my son, ROBERT BOERCKEL, outright and free of trust.
e) Upon my death, the Trustees shall distribute the real property at 217 Franklin Avenue, Franklin Square, New York, together with the furniture and the furnishings therein to my grandson, BRETT BOERCKEL, outright and free of trust.
f) Upon my death, the Trustees shall distribute the real property at 205 Franklin Avenue, Franklin Square, New York, together with the furniture and furnishings therein to my grandson, BRETT BOERCKEL, outright and free of trust.
The Trust goes on in Paragraphs 7.3(g)-(h) to direct the trustees to distribute real property in Delray Beach, Florida, to Mrs. Boerckel. Decedent executed deeds conveying the Florida Properties referred to in Paragraphs 7.3(g)-(h) from himself to the Trust. Thus, only the distribution in Paragraphs 7.3(b)-(f) is at issue on appeal.
Furthermore, Paragraph 7.4(a) devised the residue of the Trust estate, in this case the Eloise stock, to Mrs. Boerckel:
7.4(a). All the rest, residue and remainder of the trust estate shall be distributed to my wife, MARY INTERLANDI if she shall survive me, and if she shall not survive me, then to my children, IRENE VAUGHAN and ROBERT B. BOERCKEL, in equal shares, per stirpes.
Following Decedent's death, petitioners Irene Vaughan, Brett Boerckel, and Robert Boerckel filed a Petition for Removal of Personal Representative and For the Assessment of a Surcharge and For Declaratory Relief (Petition) against Respondent, Mrs. Boerckel, individually and as personal representative of the Estate of the Decedent. In Count I of the Petition, petitioners sought to remove and surcharge Mrs. Boerckel as Personal Representative of the Decedent's Estate. The petitioners alleged that Mrs. Boerckel wasted the estate assets and mal-administered the estate by knowingly filing an erroneous federal estate tax return that improperly listed as a marital deduction the Properties to be distributed to the *918 children under Paragraph 7.3(a)-(f) of the Trust, in which she had no interest. In Count II of the Petition, the petitioners sought a declaratory judgment with respect to the proper succession of the Properties. Petitioners alleged that Mrs. Boerckel took the erroneous position that because the Properties had not been transferred to the Trust by deed during the lifetime of the Decedent, they could not pass under the Trust, but rather would pass to Mrs. Boerckel incident to the distribution of the Eloise stock to her by virtue of the residuary clause in Paragraph 7.4(a) of the Trust. Petitioners asked the court to determine "the duty of the successor trustee, Mary Boerckel, under Paragraph 7.3(a) through (f) of the Trust and the mechanism by which the successor trustee is to carry out the express intent of the decedent, Eldert W. Boerckel, as set forth in Paragraph 7.3(a) through (f) of the Trust."
Petitioners deposed Fred Weinstein, Esq., the Decedent's estate-planning attorney who prepared both Decedent's Will and the Trust. Weinstein testified that at the time the Trust was written, the Properties were not in the Trust, and prior to the Trust being signed, it was indicated that Weinstein would prepare deeds conveying the New York Properties from Decedent to the Trust. Weinstein testified that at the time the Trust was signed, Decedent's intent was to have the Properties go to the named distributees. However, after the Trust was signed, Weinstein prepared such deeds and advised Decedent that the failure to sign the deeds "would defeat the purpose of the rest of the Trust," but Decedent refused to sign the deeds.
Mrs. Boerckel filed a motion for summary judgment, arguing that because Decedent failed to execute the deeds transferring the Properties from Eloise either to himself,[1] individually, or to the Trust,[2] the Properties were owned by Eloise at the time of Decedent's death and thus did not become a part of the corpus of the Trust. Because the Properties did not pass to the Trust, Paragraphs 7.3(a)-(f) of the Trust were ineffective, and the Eloise stock passed to Mrs. Boerckel as part of the residue of the Trust under Paragraph 7.4(a). Therefore, Mrs. Boerckel argued that she properly filed the tax return reflecting the subject Properties as passing to her and was entitled to summary judgment as a matter of law as to both counts of the Petition.
The trial court granted summary judgment in favor of Mrs. Boerckel as to Counts I and II. The trial court concluded that the Properties never became a part of the Estate. This was because the Properties were owned by Eloise, and the Eloise stock was owned 100% by the Decedent. Thus, it was the Eloise stock, not the Properties, that passed to the Trust from the residue of the Decedent's Estate. In other words, the Properties did not become a part of the corpus of the Trust through the pour-over provision because the Decedent failed to execute the deeds necessary to result in the Properties funding the Trust. Consequently, the provisions of Paragraph 7.3(a)-(f) of the Trust were ineffective, and the Eloise stock passed to Mrs. Boerckel as part of the residue of the Trust pursuant to Paragraph 7.4(a) of the Trust. The trial court concluded that the Decedent's failure to execute the deeds prevented the court from creating a "mechanism" to convey the *919 real estate from Eloise to the Trust. Likewise, the trial court found that Mrs. Boerckel committed no error in her preparation and filing of the tax return, and that the petitioners failed to present any evidence suggesting Mrs. Boerckel caused any waste to the Estate. The trial court concluded that there was no genuine issue of material fact and that Mrs. Boerckel was entitled to judgment as a matter of law on both counts.
The appellants argue on appeal that the trial court erred in concluding that the Decedent's refusal to execute deeds transferring the Properties to the Trust prevented the court from creating a "mechanism" that would require the trustee, Mrs. Boerckel, to cause Eloise to convey the Properties to the Trust resulting in a distribution to the appellants in accordance with Paragraph 7.3 of the Trust. According to the appellants, the stock of Eloise is to be transferred to the Trust through the pour-over provision of the Will, and Mrs. Boerckel, as trustee and sole shareholder/president of Eloise, will then take the necessary steps to cause Eloise to deed the Properties as directed in Paragraphs 7.3(b)-(f). Appellants contend that only after distribution of the Properties will Mrs. Boerckel be entitled to transfer to herself, as residuary beneficiary under 7.4(a), the corporate stock. Therefore, appellants conclude that the "mechanism" that the trial court found to be unavailable was readily accessible to Mrs. Boerckel, as trustee. Consequently, appellants argue that Mrs. Boerckel's listing of the Properties as having been inherited by her in fee for the purpose of the marital tax deduction was improper, and there would be genuine issues of material fact as to whether she should be removed and surcharged for the resulting damage to the Estate. Thus, summary judgment was improper as to Count I as well.
In response, Mrs. Boerckel argues that because legal title to the Properties was never properly conveyed by deed, the Properties remained owned by Eloise. Consequently, the Properties did not become a part of the Decedent's Estate and thus a part of the Trust's corpus, and the Trust's provisions in paragraph 7.3(a)-(f) do not govern the disposition of the property. Rather, Mrs. Boerckel contends that the Eloise stock poured over into the Trust from the Decedent's Will and passed to Mrs. Boerckel pursuant to Paragraph 7.4(a) of the Trust.
Summary judgment is appropriate where, as a matter of law, it is apparent from the pleadings, depositions, affidavits, or other evidence that there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. The Florida Bar v. Greene, 926 So.2d 1195, 1200 (Fla.2006). A ruling on a motion for summary judgment is subject to de novo review. Id.
In support of their argument, the appellants cite State v. North, 159 Fla. 351, 32 So.2d 14 (1947), and other similar cases from jurisdictions outside of Florida. In North, the decedent devised in his will to the State of Florida his art museum together with all the paintings, pictures, and works of art contained in the museum as well as all objects of art which at the time of his death were held in the name of the Rembrandt Corporation. Id. at 14. The court upheld the devise, concluding that the decedent had the power to dispose of all of the capital stock of the Rembrandt Corporation under his will, and that it was the decedent's intention and legal effect of the will to pass and bequeath all of the capital stock in the Rembrandt Corporation to the State of Florida. Id. at 19. The court also reasoned that the decedent created and maintained the Rembrandt Corporation for his own use and convenience, *920 that the corporation had no creditors and no assets other than the art works, and that the decedent was at all times president of and owned all of the stock in and all of the assets of the corporation and therefore had a right to view the property as his own and thus transferable by his will. Id.
However, North is distinguishable because North does not involve the creation of a trust, but rather the validity of a devise under a testator's will with respect to corporately-owned property. In contrast, in the instant case, the Properties were not devised by will; rather, the appellants' argument is that the Properties, owned by Eloise, and its stock, being 100% owned by the Decedent, passed through the Will's pour-over provision, as part of the Decedent's Estate, and into the Trust and thereafter were to be distributed in accordance with Paragraph 7.3(b)-(f) of the Trust. Furthermore, the Properties, although also corporately owned as in North, are real property, in contrast to the artwork in North, and were never properly conveyed to the Decedent's Estate by deed. The North decision also fails to provide any instruction concerning the "mechanism" by which Mrs. Boerckel can carry out the distribution set forth in Paragraphs 7.3(a)-(f) of the Trust.
Appellants also argue that Fidelity Union Trust Co. v. Vander Roest, 113 N.J. Eq. 368, 166 A. 918 (1933), is instructive. In Fidelity Union, the corporation that owned the to-be-distributed realty was wholly-owned by the testator, and in the will codicil, the testator devised the realty to his son. Id. at 919. The testator had also by will devised the remainder of his estate to his trustee to pay the income to his son for ten years. Id. The court held that a devise of the realty to the testator's son under a codicil to the testator's will would not effectuate a legal transfer of title because the title was held not by the testator but by the corporation, and the "corporate fiction" could not be disregarded. Id. However, the court concluded that the trustee, to whom the corporate stock was devised, could cause the corporation to convey the realty to the son, whether by dissolving the corporation or otherwise. Id. Again, the instant case is distinguishable because there is no indication that Fidelity Union involved a pour-over will, and the realty in Fidelity Union was devised by the will codicil rather than a trust.
Appellants also argue that the trust in question was incorporated by reference into the will, and therefore, the trust provisions became testamentary. Appellants cite In re Estate of Potter, 469 So.2d 957, 959 (Fla. 4th DCA 1985), where this Court held, "When the trust is incorporated by reference into a will, they should be construed together in determining the decedent's intent. As a peripheral consequence, the trust provisions then become testamentary dispositions so as to entitle us to use testamentary terms in describing them." However, the Decedent refused to execute the appropriate deeds that would have conveyed the subject property to the corpus of the Trust through the pour-over provision of the Will. An express trust cannot exist unless there is an expression of an intent by the parties to create a trust, and a transfer of legal ownership in the subject property to the trustee. Gibson v. Resolution Trust Corp., 750 F.Supp. 1565, 1571 (S.D.Fla.1990). "It is essential that a trust have a corpus or there can be no valid present trust . . . The failure to provide a trust corpus would negate the existence of a trust." J. Grimsley, Florida Law of Trusts § 9-1 (4th ed.). Furthermore, although it is undisputed that the Eloise stock became a part of the inventory of the Estate and passed to the Trust through the pour-over provision of the Will *921 and to Mrs. Boerckel under Paragraph 7.4(a), the sole shareholder/trustee, appellants failed to provide any support for their argument that Mrs. Boerckel can simply cause the corporation to deed the properties as directed in Paragraphs 7.3(b)-(f).
We conclude that this case is more analogous to Flinn v. Van Devere, 502 So.2d 454 (Fla. 3d DCA 1986), wherein the Third District concluded that realty owned by the decedent was not validly transferred to a trust she established during her lifetime and thus remained an estate asset and the property passed under the residuary clause of her will rather than the trust. Id. at 454. The court held that the decedent's execution of a form instrument creating a standard inter vivos "living trust" of property owned by her and listed in an accompanying schedule was ineffective with respect to the real estate described because the settlor did not, as is required, also execute a deed which conveyed the realty to the trustees. Id. at 455. The court explained that the trust documents themselves plainly cannot be regarded as such a deed "for the obvious reason that, although they comply with the necessary formalities of two witnesses and an adequate legal description, they contain no expression which purports to convey, grant or transfer the real estate." Id. The court also reasoned that the "only reference in the simultaneously executed will to the trust is the direction that the personal representative make demand upon the trustees for the trust's share of any estate taxes." Id. The court found this language to be clearly insufficient to manifest an intention to incorporate the provisions of the trust for the disposition of the assets after the settlor's death into the will, so as to render them, in effect, testamentary in nature. Id. at 455-56. The court noted that such a result was required even though it would run contrary to the decedent's "actual desires and intentions." Id. at 456. Even though the Will in this case did incorporate the Trust instrument by reference, the property in Flinn was not corporately-owned as in this case, and the corporate existence cannot be disregarded.
In sum, we conclude that the trial court did not err in finding that Mrs. Boerckel was entitled to summary judgment as a matter of law as to Counts I and II of the Petition. The Properties never became a part of the corpus of the Trust because the Decedent failed to execute the deeds that would have resulted in a funding of the Trust, thereby causing Paragraphs 7.3(a)-(f) to lapse. The Final Summary Judgment in favor of Mrs. Boerckel is affirmed.
Affirmed.
GUNTHER, FARMER and MAY, JJ., concur.
NOTES
[1] Thereby allowing the Properties to pass to the Trust pursuant to the pour-over provision of the Will.
[2] Thus making the Properties part of the corpus of the Trust.